## JULIUS WRIGHT v. THE STATE.

No. 3069.   Decided December 14, 1904.

**1.—Theft of Hog—Charge of Court—Corroboration—Accomplice.**

Where the court upon request of the jury to define the word "corroborate," instructed the jury, that by that term as used in the court's charge was meant that the corroborating evidence, to be sufficient, must of itself and without the aid of the accomplice's testimony, tend in some degree to connect the defendant with the commission of the offense for which he was on trial; but it need not be sufficient of itself to establish his guilt, but must tend directly and immediately to connect the defendant with the commission of the offense and be as to a material matter.   Held correct.

**2.—Same—Special Charge.**

A special charge embraced in the main charge, need not be submitted to the jury by the court.

**3.—Same—Witness—Practice in District Court.**

Where the court fined a State's witness in the presence and hearing of the jury and such witness afterwards testified in behalf of defendant, the latter's rights could not be legally prejudiced by such action of the court, as the court has the right to fine witnesses for disobedience of process; however there was no bill presenting this matter, nor was it otherwise verified.

**4.—Same—Fact Case.**

See evidence held to be sufficient to sustain a conviction for hog theft.

Appeal from the District Court of Smith.   Tried below before Hon. E. W. Simpson.

Appeal from a conviction of theft of hog; penalty, two years· imprisonment in the penitentiary.

The owner of the hog testified that ·he missed the animal on the day it was killed.   That he went to the place of Joe Brooks that night and met him and also defendant who first attempted to hide.   That Brooks claimed to have bought the hog from defendant.   The defendant—after witness had told him, he might just· as well come out, that he was going to see who he was—came to where Brooks and witness were, and witness had a conversation with him, and asked him why he had killed his hog, and defendant said he did not intend to kill him, but intended to kill Jackson's hog.   Witness then went into the house of Brooks and found the head of the hog which had his mark, the balance of the hog was in a pot cooking.   Afterwards, on the same night, Joe Brooks, Nathan Jackson and defendant came to witness' house for a compromise, and defendant came into witness' room and said that if witness would not "pull" him, he would pay him until he was satisfied, and admitted that he had gotten witness' hog.   Joe Brooks testified that defendant sold him the hog and said he got him from his mother.   The wife of the owner of the hog testified that defendant begged her and her husband not to prosecute him, that he would pay them five dollars, etc.   Defendant and his witnesses testified that he simply killed the hog for Joe Brooks at the instance of Brooks.   The latter had· been indicted for the theft of the hog and acquitted.

*J. A. Bullock & B. B. Beaired,* for appellant, on motion for rehearing. —My contention is that this charge is so framed that the jury are not allowed to pass upon the commission of the offense, and that it tells the jury the quantum of proof necessary upon the facts, and does not only attempt to define the word corroborate, but goes further and gives them a criterion by which they must measure the amount of evidence that would be sufficient to convict the defendant.

The court will note that the crucial test in this case was whether or not appellant at the instance of one Brooks had stolen this hog, without the knowledge that the hog did not belong to Brooks, or whether he did it in conjunction with Brooks; and the overwhelming testimony of all the witnesses for the defendant' contradicting the State's witnesses in nearly every material matter, it is doubly essential that after the jury had returned to the court, not being able to agree, for further instructions, that the court should have been extremely careful about the language used in the charge.    Art. 715, Code Crim. Proc.; Searcy v. State, 1 Texas Crim. App., 440; Bradford v. State, 25 Id., 723; Tooney v. State, 5 Id., 163.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of the theft of a hog, and his punishment assessed at confinement in the State penitentiary for a term·of two years.

In his motion for new trial appellant insists the court erred in the special charge given to the jury after their retirement to consider their verdict, and at the request of the jury for a further charge, which special charge is as follows: "In compliance with your request made in open court, to explain what was meant by corroboration, as used in the main charge on the subject of accomplice. By 'corroborate,' as so used, is meant that the corroborating evidence, to be sufficient, must of itself and without the aid of the accomplice testimony, tend in some degree to connect the defendant with the commission of the offense for which he is on- trial; but it need not be sufficient of itself to establish his guilt.    It must tend directly and immediately to connect the defendant with the commission of the offense, and be as to a material matter."    This charge is correct.    Jones v. State, 4 Texas Crim. App., 529; Roach v. State, 8 Texas Crim. App., 478; Chambers v. State, 44 S. W. Rep., 495.

Appellant also insists the court erred in refusing his special charge, as follows: "If you should believe that at the time defendant shot and killed the hog in question, he had·a 'legal and lawful right to kill said hog, or honestly then and there had an honest belief in his mind that he had such legal and lawful right, and did not intend to steal said hog; or if you have a reasonable doubt whether he intended to steal said hog or not, then in that case you should acquit defendant."    So far as applicable this charge was covered by the main charge of the court.

Appellant ·insists in his motion for new trial that his rights were greatly prejudiced before the jury by the fact that one of the State's witnesses was called before the court, in the presence and hearing of the jury who tried defendant, and fined by the court in such manner and at such time, as in view of the fact that said witness finally testified in favor of defendant, yet with a discredit upon him as having disobeyed the process of the court, to the injury of the rights of defendant. In this there was no error. The court has the right to fine witnesses, whether for the defense or the State, for disobedience of process. However, there is no bill presenting this matter, nor is it otherwise verified.

Appellant insists the evidence does not support the verdict of the jury. We hold the evidence is ample, and the corroboration of the accomplice, concede him to be an accomplice, is complete. No error appearing, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without a written opinion.—Reporter.]