CLYDE MEREDITH v. THE STATE.

No. 4941.   Decided June 12, 1918.

Rehearing denied April 23, 1919.

1.—Burglary—Accomplice—Corroboration—Rule Stated.

The law does not require that the evidence, independent of that of the
accomplice, should establish guilt;  it requires only that there should be
criminative facts proved, which tend to connect the accused directly and
immediately with the commission of the offense.   Following Weldon v.
State, 10 Texas Crim. App., 400, and other cases.

2.—Same—Corroboration—Accomplice—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence of the accomplice was suf-
ficiently corroborated, and the evidence was sufficient to sustain the con-
viction, there was no reversible error.

3.—Same—Positive Evidence—Circumstantial Evidence—Waiver—Consent.

Where, upon appeal from the conviction of burglary, appellant's con-
tention was that there was positive and direct evidence attainable to prove
want of consent of unlawful taking, and that it was, therefore, not permis-
sible to resort to circumstantial evidence, but it appeared from the record
that this rule, which is well founded, was not invoked at the proper time
on the trial, there was no reversible error.   Following Brown v. State, 58
Texas Crim. Rep., 336, and other cases.

4.—Same—Rule Stated—Waiver—Practice in District Court.

While it is required to produce the best evidence to prove a given fact,
yet this may be done by inferior testimony, if no objection is urged, and
a failure to do so will be considered a waiver, and if the testimony is suf-
ficient to support the conviction there is no reversible error.   Following
Wisdom v. State, 42 Texas Crim. Rep., 579, and other cases.

5.—Same—Cases Stated—Sufficiency of the Evidence.

Where, upon trial of burglary, the owner of the alleged house testified
that he did not give his consent to the breaking and entry thereof, etc.,
and it was shown circumstantially, without objection, that he did not give
his consent to the taking of the alleged goods, and that defendant's intent
was to steal, the conviction was sustained.

6.—Same—Accomplice—Corroboration—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence tended to show that the de-
fendant was in a position to burglarize the house, and was with the party
who did the breaking, by the accomplice's testimony, and this was suf-

ficiently corroborated by circumstances, the conviction was sustained. Following Martin v. State, 21 Texas Crim. Rep., 1, and other cases.

Appeal from the District Court of Caldwell County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentary.

The opinion states the case.

*Graves & Williamson,* for appellant.—On question of consent and insufficiency of the evidence: Treadwell v. State, 16 Texas Crim. App., 643; Williams v. State, 12 id., 240; Brown v. State, 58 id., Texas Crim. Rep., 336; Moray v. State, 61 Texas Crim. Rep., 550; 135 S. W. Rep., 569; Fox v. State, 61 Texas Crim. Rep., 544, 135 S. W. Rep., 570.

On question of corroboration of accomplice: Gillian v. State, 3 Texas Crim. App., 132; Dill v. State, 1 id., 278; Weldon v. State, 10 id., 400; Davis v. State, 80 Texas Crim. Rep., 153, 188 S. W. Rep., 985; Love v. State, 58 Texas Crim. Rep., 270, 124 S. W. Rep., 932; Chambers v. State, 44 id., 495; and cases cited in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for the offense of burglary. It appears that Van Dusen was the owner of a country store near Lytton Springs which was burglarized on the 29th of May, 1917. Van Dausen said that he alone attended to the store; that he closed it and fastened the doors and windows about dusk; that on the following morning he found the doors had been broken open. That he did not give appellant or any one else consent to do so; that a number of articles including soda water in bottles, had been taken from the store. Bottles of the same brand were two or three days later found in a field near the road as though thrown into the field from the road. They were a half mile from the store and in the direction of Mendoza which was other than that which would be traveled in going to Lockhart.

George Dillard testified that he, together with appellant and his brother, Joe Meredith, got a buggy from Mr. Sternberg starting on a fishing trip. That on the way they made an agreement to go into Van Dusen's store. He said that they passed the store without stopping because they saw a buggy coming from the opposite direction toward the store. They met the buggy which was occupied by Mr. Smith and Mr. Strong. After some conversation with these parties the witness and his alleged companions and Smith drove back past the store, Strong getting out at his home on the way. After passing the store a short distance, at the fork of the road, they separated, Smith going toward his home and the witness and his companions taking the road toward Lockhart, subsequently

turning around, hovever, and driving back to the store. Joe
Meredith, he said, went in one of the side doors which he forced
open while appellant and the witness were watching to see if any-
body came. Joe got some soda water and then appellant went in
and he thought got a box of candy. He, witness, did not go in the
store. That after appellant and his brother came out they showed
witness soda water, candy and sausages. They then went up the
road toward Mendoza drinking soda water and throwing the bottles
out on the side of the road.

Mr. Sternberg testified that appellant and Dillard arranged with
him and his brother for a buggy which was later turned over
to them. That he did not know when they returned but saw the
buggy back in the yard next morning. This was some ten days be-
fore the witness heard of the burglary of Van Dusen's store.

Smith testified that on the night that the store was burglarized
that he started for his home from Lytton Springs about ten o'clock.
Strawn was with him. They stopped at Strawn's house which was
some 200 yards from Van Dusen's store, between Lytton Springs
and Van Dusen's store. Appellant, his brother, and Georeg Dillard
came up in a buggy and had a conversation for a while after which
Strawn went into his house and witness, appellant and his com-
panions drove down the road, passing Van Dusen's store, witness
turning off towards his home, the others driving on towards Lock-
hart. He heard of the burglary next day. The witness thought it
was about 10 o'clock when they first met and that he reached home
about 10:30 o'clock. A witness for appellant testified that he met
appellant and his brother and another person driving in a buggy
on the night in question, about five or six miles from Van Dusen's
store in the direction of Lockhart, in which direction they were
traveling. This, the witness thought was about ten o'clock. The
witness was not certain this occurred on the night of the burglary.
Another witness testified to the same facts. Clayton Meredith, a
brother of appellant, testified that he saw appellant and his brother
Joe and Dillard start out in Sternberg's buggy about sundown. He
next saw them about eleven o'clock that night when they came in.
That he was positive that appellant returned at that time but was
not certain with reference to Dillard coming at that time or not.
Did not see him. Appellant testified that he had arranged to go to
Lytton Springs, in that neighborhood, and that Dillard requested
the privilege of accompanying him; that they left Lockhart about
sundown in Sternberg's buggy; that they reached the point on the
edge of Bastrop County, which was his destination, about eight or
eight-thirty in the evening, remaining there about fifteen minutes,
and returning overtook Smith and Strawn between Lytton Springs
and Van Dusen's store. Stopped and talked with them at Strawn's
store probably a half an hour, drove in compny with Smith some
seven or eight hundred yards from Strawn's house, separating at

the fork of the road; that he and his companions continued their trip toward Lockhart, met Mr. Ebersole and Mr. Starling on the road about six miles from Van Dusen's store, reaching home about eleven o'clock. He denied any connection with or knowledge of the burglary.

The question is, is there sufficient evidence corroborating the accomplice? The law does not require that the evidence, independent of that of the accomplice, should establish guilt. Nourse v. State, 2 Texas Crim. App., 304, and other cases listed in Branch's Ann. P. C., Sec. 719. It requires only that there should be criminative facts proved which tend to connect the accused directly and immediately with the commission of the offense. Weldon v. State, 10 Texas Crim. App., 400, and other cases listed in Branch's Ann. P. C., p. 368. Our statute on the subject is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient, if it merely shows the commission of the offense."

On the subject we quote from Wharton Crim. Ev., Vol. 2, Sec. 442, as follows: "There may be many witnesses, therefore, who give testimony which agrees with that of the accomplice, but which, if it does not serve to indentify the accused parties, is no corroboration of the accomplice; the real danger being that the accomplice should relate the circumstances truly, and at the same time attribute a share in the transaction to an innocent person. It may indeed be taken that it is almost the universal opinion that the testimony of the accomplice should be corroborated as to the person of the prisoner against whom he speaks."

The evidence shows that the burglary was committed. The accomplice testifies that appellant participated. The evidence, independent of the accomplice, tends to show that appellant was present at the time the offense was committed, and was the companion of the accomplice before and after its commission. The accomplice and appellant started together, were seen together near the burglarized premises, and according to appellant's own testimony remained together throughout the journey and returned together. It is true, as contended by appellant, that his mere presence would not alone make him guilty as a principal, but the accomplice having testified to facts showing that appellant was a principal, the other facts showing that at the time and place the offense was commiteed, he was present with the accomplice, we think, meets the requirements of the law intending to establish his identity as one of those who committed the offense. We are, therefore, constrained to believe that we are not authorized to sustain appellant's contention that the evidence fails to support the conviction.

The judgment of the lower court, is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

April 23, 1919.

MORROW, JUDGE.—The alleged owner testified positively that he did not give his consent to the breaking and entry of his store, but only circumstantially as to his want of consent to take the property after the entry. Appellant's contention is that where positive and direct evidence is attainable it is not permissible for the State to resort to circumstances to verify or prove a fact. As a general proposition this is correct, and is well supported by the authorities. When that rule is invoked it should be sustained. The authorities, however, also sustain the proposition that in order to invoke this rule with reference to the positive and direct testimony as against circumstances, it is necessary to urge it on the trial or at the proper time. Brown v. State, 58 Texas Crim. Rep., 336; Schultz v. State, 20 Texas Crim. App., 308; Williams v. State, 19 Texas Crim. App., 276; Stewart v. State, 9 Texas Crim. App., 321.

While it is requisite to produce the best evidence to prove a given fact, yet this may be done by the inferior testimony if no objection is urged. Therefore, the failure to urge objections to this manner of proof will be considered a waiver, and if the circumstances are sufficient to overcome the reasonable doubt and the presumption of innocence, it will be held sufficient to support the finding of the jury on that phase of the case. This is sustained by the authorities.

In the Wisdom case, 42 Texas Crim. Rep., 579, both rules were recognized and sustained under the circumstances there stated. It was there held, as in many other cases, that the best evidence should be produced, but the further rule was shown to be supported by the authorities, that non-consent in cases of fraud could be shown by circumstances. That case is not clear as to how the question came. Whether it was raised on the trial or not, it would not be considered authority against the rule laid down in the Brown case and supporting cases unless the question had been discussed and decided. When the inferior evidence is introduced without objection, a waiver will be presumed. The principle seems to run throughout our jurisprudence. It is often applied even to hearsay testimony where no objection was urged. The evidence, however, in all such cases must be sufficient to prove the requisite facts to the exclusion of the reasonable doubt and overcome the presumption of innocence in so far as the fact itself is concerned, and its relation to the case and to guilt. All necessary facts must be subject to that rule, and proved whether by direct or circumstantial evidence. Such waiver applies more to the manner of proof than to its weight or cogency. Evidence proving the facts must be sufficient to legally form the basis of the judgment. The application of these rules must necessarily hinge largely upon each particular case and the relation of introduced evidence to that case.

In the instant case it was testified by the owner that he did not give his consent to the breaking and entry of the store, and also to all the attendant facts incident to the breaking, to the taking of his goods, that this occurred at night without his knowledge, to the recovery of some of the things after the taker had used the contents. It is a circumstance also that consent was wanting as shown by the attendant facts and circumstance stated by the owner and the accomplice as to the manner in which the burglary and the taking occurred. The parties entered the store at night, appropriated the goods. This is evidence of the purpose to steal attendant upon the breaking. These facts would all exclude any purpose on the part of the burglar except that of theft. It has been held by the authorities that in the absence of any other intent in a burglary case. the legal presumption is that theft was intended. The text-writers and adjudicated cases are all in harmony on this proposition. Applied to this case, the facts seem sufficiently clear and strong to bring the conclusion that the accused did not have the consent of the owner to enter the house and take the property. Circumstantially this would be sufficient, and in the absence of an objection, under the cited authorities, it would be too late to raise the question after the trial.

Appellant insists the facts are not sufficient to corroborate the accomplice. The accomplice swore directly to a burglary and theft. Testing the case by omitting the testimony of the accomplice, the circumstances which tend to fasten the burglary upon defendant show that the defendant, the accomplice and another party went from Lockhart to the store on the occasion of the burglary. That their purpose in leaving Lockhart was to go to or near the line of Bastrop county on a fishing excursion. It was at night. All the testimony shows that after reaching the store they discovered a buggy just beyond, went to where it was, and discovered it belonged to the witness Smith. They there turned back in the opposite direction of where they started fishing, accompanied Smith some distance, and finally took leave of him. They went no farther than the point indicated in the direction of their destination for the fishing excursion. These facts show without controversy not only by witnesses independent of the accomplice, but by defendant himself that they did go to the store; that they were there, and around that neighborhood for some time, and finally returned, he says, to Lockhart about 11 o'clock at night. He was in company with the accomplice and also another party named Meredith. It is an uncontroverted fact that the store was burglarized by somebody. The accomplice says he and the defendant and the other Meredith did it, and it is a conceded fact the parties were together at the store and around there; that the fishing excursion was abandoned and appellant returned to Lockhart. We are of opinion that this evidence is sufficient to corroborate the testimony of the accomplice. It would avail but little to discuss the

weight and the congency of these facts. They unquestionably tend to show that appellant was in a position to burglarize the house, in the neighborhood, and had the opportunity, and was with the party who did the breaking as shown by the accomplice testimony. The question here is not one of the sufficiency of the circumstances to show guilt, but their cogency tending to corroborate the accomplice testimony. Under the authorities we think this is sufficient. See Martin v. State, 21 Texas Crim. App., 1; Moore v. State, 47 Texas Crim. Rep., 410; Nourse v. State, 2 Texas Crim. App., 304; Byrd v. State, 49 Texas Crim. Rep., 279; Williams v. State, 43 S. W. Rep, 518.

We are of opinion that the motion as presented should be overruled.

*Overruled.*