### FRANK HUGGINS v. THE STATE.

No. 5195.   Decided April 16, 1919.

1.—Delivering Intoxicating Liquors to United States Soldiers—Requested Charge.

Where, upon trial of a violation of the law to deliver intoxicating liquors to soldiers in the United States army, the requested charge directed an acquittal if the defendant bought the whisky for himself, it was correctly refused.

2.—Same—Sufficiency of the Evidence—Accomplice Testimony.

While it is correct in prosecutions of this character that accomplice testimony must be corroborated, yet where defendant fails to request a charge or except to the court's charge for failure to instruct on accomplice testimony, there was no reversible error; besides, there was corroborative testimony.

3.—Same—Accomplice—Practice on Appeal.

In the absence of a requested charge on accomplice testimony, and the State's witness not being an accomplice as a matter of law, and besides being corroborated by other testimony, there was no reversible error.

4.—Same—Rule Stated—Corroboration.

The law does not require that the corroborative evidence be sufficient of itself and without the aid of the accomplice testimony to show guilt, but if the jury believe the accomplice testimony true and it shows the commission of the offense and the guilt of the accused, the corroboration is sufficient if it is to a material matter and tends to connect the defendant with the commission of the offense. Following Wright v. State, 47 Texas Crim. Rep., 433, and other cases.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe, judge.

Appeal from a conviction of unlawfully and knowingly giving intoxicating liquor to a soldier; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Weeks & Owens,* for appellant.—On question of insufficiency of the evidence: Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W. Rep., 554.

On question of courts charge: Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 345; Kellog v. State, 58 Texas Crim. Rep., 84.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This conviction is for a violation of the statute which provides that it shall be unlawful for any person, directly or indirectly, to purchase for, procure for, sell, give or deliver to any person enlisted in the military forces of the United States, any spirituous liquors capable of producing intoxication. (See Acts 35th Leg., 4th Called Session, Chap. 12).

Counsel for appellant upon the trial reserved no exceptions to the charge of the court, nor proper exceptions to special charges refused. The only special charge requested, the refusal of which is not properly reserved, was incorrect in that it directed an acquittal if the defendant bought the whisky for himself. He would, under the statute, have been guilty if he bought the whisky for himself and sold or delivered it to the soldier.

Other counsel appealing the case urge the insufficiency of the evidence, based upon the proposition that Pope, the soldier to whom the whisky was charged to have been delivered, and two officers co-operating with him, were accomplices, in that they brought about the commission of the crime, and that under the rule stated in Bush v. State, 68 Texas Crim. Rep., 299, their testimony should be weighed by the rule applicable to accomplice testimony. In Mansfield v. State, 206 S. W. Rep., 195, we intimated in this character of prosecution the rule touching accomplice testimony would be the same as in prosecutions for violation of the local option prohibition law. The decision of that question was not necessary for a determination of the case, and inasmuch as Article 602 P. C., provides a special rule in local option cases, it is doubtless correct as held in Bush v. State, supra, that in a prosecution of the character here involved the general rule with reference to accomplice testimony would prevail. Applying that rule, however, and assuming that there was evidence upon which the jury might have concluded that Pope, Porter and Pomeroy were accomplices, it was incumbent upon the ap-

pellant to have requested the submission of that issue to the jury, or to at least have excepted to the failure of the court to do so in his charge. An omission of this character is not fundamental error, nor one that can be raised in motion for a new trial, or on appeal, in the absence of an exception to the charge as provided by the Act of the Thirty-Third Legislature, Chapter 138. Moreover, there was evidence other than that to which the complaint is addressed tending to connect the appellant with the commission of the offense. The witness Gaten testified to a part of the transaction, corroborating the witness Pope and the other witnesses mentioned, and the appellant himself claimed that after Pope had asked him to obtain some liquor he bought four half pints of whisky for his own use, and put it near the stand which was used for shining shoes for a barbershop in which he worked; that Pope had previously placed in his possession three $1 bills, and that after he put the package containing the whisky in the place mentioned he saw Pope take it, and said to him, "that is my whisky," when Pope said, "Get some more while getting is good; that the $3 would get it." That he had previously offered to return the $3 to Pope, stating "that is cheap whisky for myself," when Pope said, "This will do," and appellant said, "This wont do," but further said, "I put the $3 back in my pocket." The whisky introduced upon the trial and gotten from appellant by Pope was identified by appellant as the same whisky that he had bought and set down and saw Pope take, and said, "I kept the $3 he gave me after he would not receive it back."

The facts are not such as to authorize use to hold them insufficient to support the conviction, and there being no error in the trial presented for review, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 16, 1919.

MORROW, JUDGE.—We have carefully examined the record in the light of appellant's motion for rehearing.

No request for the submission of the questions whether the rule of accomplice testimony governed the State's witnesses having been made, their status would not be available to appellant upon appeal unless they came within the accomplice rule as a matter of law and there was not sufficient corroboration. We do not think they were accomplices as a matter of law. Sanchez v. State, 48 Texas Crim. Rep., 591; Wright v. State, 7 Texas Crim. App., 574; Allison v. State, 14 Texas Crim. App., 122; Jones v. State, 48 Texas Crim. Rep., 336, 1 L. R. A. (N. S.) 1024. If the contrary were true, however, we think the circumstances detailed in appellant's testimony afforded sufficient corroboration. The law does not re-

quire that the corroborative evidence be sufficient of itself and without the aid of the accomplice testimony to show guilt, but if the jury believes the accomplice testimony is true and it shows the commission of the offense and the guilt of the accused, then the corroboration. is sufficient if it is to a material matter and tends directly and immediately to connect the accused with the commission of the offense Wright v. State, 47 Texas Crim. Rep., 433; Jones v. State, 4 Texas Crim. App., 529. From appellant's testimony it appears that Pope was a soldier in uniform; that when requested to procure some whisky for Pope the appellant declined to do so stating that it was unlawful; that Pope put money on the person of appellant; that appellant promptly went and got four half pint bottles of whisky and put them down at a place where Pope could and did obtain them; that appellant saw him get them, and while he claims to have protested against it to Pope, he retained the money. The transaction as it actually occurred, as admitted by appellant was not materially different from that described by the State's witness except that from their testimony it appears that appellant was acting willingly, while from his, he claims the contrary. If the testimony which is alleged to have been that of accomplices was to be given any weight by the jury, it, being corroborated in the particulars named was sufficient to support the conclusion of the jury that in doing the things which resulted in the soldier obtaining the whisky, the appellant intended that he should have it. As stated above however, it is our opinion that the State's witnesses were not accomplices as a matter of law and the appellant having waived any decision by the jury as to whether they were accomplices in fact, we are not authorized to disturb the verdict.

The motion for rehearing is overruled.

*Overruled.*