ALBERT HALBADIER v. THE STATE.

No. 5316.  Decided June 27, 1919.

1.—Adultery—Complaint—Information—Credible Person.

Where defendant objected to the complaint by motion to quash and in arrest of judgment, for the reason that the complaint was made by the woman with whom the adultery was alleged, and being an accomplice was therefore not a credible person, and there was no showing that the woman named in the complaint was the same person with whom the alleged adultery was in fact committed, it cannot be assumed that she was and the presumption would prevail in favor of the legality of the proceedings, and the matter is not properly presented to this court. Besides, the defendant's contention is unsound.

2.—Same—Jury and Jury Law—Challenge to the Array—Jury Commissioners —Setting Cases.

The court may, for sufficient reason, transfer his entire setting of cases to a subsequent week, and may direct the jury for such first week, selected by the jury commissioners, to report back for jury service on such subsequent week, and may supply the places of the absentees on the jury list on the following week by talesmen summoned under the direction of the court, and where this was done there was no reversible error, in the absence of a showing that any harm resulted to the defendant, and there was no error to overrule the motion to quash the array. Distinguishing White v. State, 45 Texas Crim. Rep., 597.

3.—Same—Evidence—Marriage License—Filing—Three Days Notice.

Where, upon trial of adultery, the original marriage license of defendant was introduced in evidence but had not been filed prior thereto among the papers of the case for three days and notice given, and its execution was not proved except that the clerk testified to the identity of the license, the same was not sufficient and reversible error.

Appeal from the County Court of Kendall; tried below the Hon. J. W. Lawhon.

Appeal from a conviction of adultery; penalty, a fine of one hundred and fifty dollars.

The opinion states the case.

*W. C. Linden* and *Joe H. H. Graham*, for appellant.—On question of credible person: Conant v. State, 51 Texas Crim. Rep., 610; Jones v. State, 58 id., 313; Melton v. State, 207 S. W. Rep., 316; Thomas v. State, 14 Texas Crim. App., 70.

On question of jury and jury law: White v. State, 45 Texas Crim. Rep., 597; Hurt v. State, 51 id., 338.

38—85 T. C. R.

On question of introducing marriage license without filing a notice: Burton v. State, 51 Texas Crim. Rep., 196, 101 S. W. Rep., 226; Harris v. State, 72 Texas Crim. Rep., 117, 161 S. W. Rep., 125; Edwards v. State, 73 Texas Crim. Rep., 380, 166 S. W. Rep., 517.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of credible person: Wilson v. State, 27 Texas Crim. App., 47; Smith v. State, 22 id., 196; Thomas v. State, 14 id., 70; Wooten v. State, 57 Texas Crim. Rep., 89; Jones v. State, 58 id., 313.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Kendall County of the offense of adultery and his punishment fixed at a fine of $150.

Appellant made a motion to quash the information and complaint for various grounds. It was alleged in said pleadings that "Albert Halbadier, on or about September 15, 1917, in Kendall County, Texas, did then and there unlawfully have habitual carnal intercourse with Emma Kirschner, a woman, without living together, he, the said Albert Halbadier, being then and there lawfully married to another person, then living, against the peace and dignity of the State." This follows substantially the form laid down by Mr. Wilson in his form book and is held sufficient. Collum v. State, 10 Texas Crim. App., 708; Hildreth v. State, 19 Texas Crim. App., 195; Lenert v. State, 63 S. W. Rep., 564; Bodkins v. State, 75 Texas Crim. Rep., 499, 172 S. W. Rep., 218; Mitten v. State 24 Texas Crim. App., 349; Jones v. State, 29 Texas Crim. App., 347. Appellant specially contends, in motions to quash and in arrest of judgment, that the complaint and information were bad for the reason that the complaint was made by the woman with whom the adultery was alleged to have been committed, and that such woman was an accomplice and was therefore not a credible person within the terms of article 479, C. C. P., which forbids the filing of an information until an affidavit showing an offense, has been made by some "credible person."

We do not agree with appellant's contention; observing, however that such contention does not arise under the facts of this case and is not properly presented for our decision herein.

The mere fact that the party who makes the complaint, may have the same name as the alleged paramour and accomplice, would not justify this court in assuming as a matter of fact that the maker of such complaint was in fact one and the same person as the woman named therein, as the person with whom the alleged adultery was in fact committed. The contrary presumption would prevail in the absence of any showing in the statement of facts or by some

kind of agreement as to the facts, to the effect that such persons were identical. All presumptions are indulged by this court in favor of the legality of all proceedings in trial courts until the contrary is made to appear in some way other than by a mere motion or pleading. We have carefully examined the record and the state-ment of facts in this case and there is not a word anywhere identi-fying the party who made the complaint with the paramour of appellant. See Solomon v. State, 39 Texas Crim. Rep., 141.

Another contention of appellant is presented by his motion to quash the array and jury panel, and is in substance as fol-lows. Appellant's case, under the indictment then pending, was set for trial the first week of the court's term, but his objections to said indictment being sustained, the same was quashed and the county attorney filed a new complaint and information, under which appellant was arrested and his case at once called for trial. He interposed his objection that he had not been allowed the two days after arrest to file written pleadings, etc., and thereupon the court reset his case for the week following and directed the jurors who were present and who were regularly drawn by the jury commissioners to report back for duty on the following Mon-day, which they did with some exceptions. The places of the absen-tees on the jury list on the following week were filled by talesmen —summoned by the sheriff under the court's direction. Two men summoned on the jury had served on the grand jury which formerly indicted appellant for this offense and these men were excused. The jury was made up of the men drawn by the commissioners and picked up by the sheriff. Appellant's objection to this procedure of the trial court is without merit. The court may, for sufficient reason, transfer his entire setting of cases to a subsequent week and may direct the jury for such first week to report back for jury service on such subsequent week. No sort of claim is here made of harm to the appellant in this case by the court's action.. Nor do we think any can ordinarily be shown. It is not claimed in the instant case that by this proceeding any objectionable juror was forced on the appellant, nor is there the slightest showing that he suffered any injury.

To require the State, in case necessity should arise for resetting any week's docket for a subsequent week for which no jury had been drawn, to then discharge the jurors summoned for such orig-inal week and in attendance, and thereupon reconvene the jury commissioners and order a new jury list drawn by them and sum-moned by the sheriff for such subsequent week because objection without foundation in law or reason was made thereto, would be grasping the shadow and losing the substance and would be making of a mere formality a serious loss and inconvenience to the courts and the State. The motion to quash the array was properly over-

ruled. Appellant cites the case of White v. State, 45 Texas Crim. Rep., 597. It is not in point. In that case the court had declined to appoint any jury commissioners for the term and no jurors had been drawn to serve during that time. Not so in this case. Appellant was tried by a jury made up largely of men drawn by a regular jury commission. The Hurt case, 51 Texas Crim. Rep., 338, also cited by the appellant, is not based on facts similar to those in the instant case and is not at all in point.

Another ground of complaint was to the introduction of the original marriage license of appellant because same had not been filed among the papers for three days and notice given.

It is provided by statute that filing of an instrument or a certified copy of an instrument such as is authorized to be recorded, among the papers of the case for three days before the day of the trial, and giving notice to the opposite party, does away with the necessity of proving the execution of such instrument. But that is substantially the only reason given by our statute for such requirements. If, however, the party offering such instrument is prepared to prove its execution, it is not required that the same be filed or notice given. This was the case here. It appears that the original license was produced, offered in evidence and identified by the proper authorities, as the one issued to appellant in 1910. As proven, same was admissible and the three days filing and notice given to the opposite party was not required in this case.

We also think the testimony of the young woman with whom the adulterous intercourse took place was sufficiently corroborated. She testified fully to the parties living together and to their habitual intercourse for many months and to the birth of her child as the result thereof. Appellant admitted to the mother of the young woman and another witness that there was no use denying his guilt, that he was the father of the child which was begotten of the alleged adulterous intercourse, and also paid to them $100 for the young woman. Corroboration, to be sufficient, need only be as to some matter that legally tends to show appellant's guilt, and it is no where held that the accomplice must be corroborated as to each act detailed in testimony.

There being no error shown by this record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1919.

LATTIMORE, JUDGE.—This case is again before the court on appellant's motion for rehearing.

There is but one matter raised which we deem of sufficient importance to discuss and with regard to which we feel we were in error in our original opinion. We think we should not have held that the execution of the marriage license introduced in evidence on the trial, · was sufficiently proven to justify the admission of the same without its having been filed for three days and notice given to the opposite party. A closer examination of the record has disclosed that while the identity of the marriage license was proven by the clerk its execution was not proven by any one else. This, we do not think, was sufficient. Unless the execution of the instrument be proven, the rule of evidence would require that the original or a certified copy thereof should be filed with the papers in the case three days before the trial and notice given to the opposite party. This was not done. The marriage of appellant might have been proven by other ways than the production of the marriage license but there is nothing in the record to indicate that the same was attempted.

The motion for rehearing is granted, the affirmance set aside and the judgment reversed and the case remanded for a new trial.

*Reversed and remanded.*