(Court of Criminal Appeals of Texas. Feb. 11, 1925. Rehearing Denied March 25, 1925.)

Robbery ☞24(1)—Evidence held to sustain conviction.

Evidence *held* to sustain conviction for robbery.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

L. J. Mouhart was convicted of robbery, and he appeals. Affirmed.

O'Fiel & Weidemann, of Beaumont, for appellant.

Tom. Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant and O. W. Anderson were jointly indicted, charged with robbing B. P. Randall of a diamond pin. Anderson was tried and appellant testified against him. Conviction of Anderson resulted, and upon appeal to this court the judgment was reversed and the cause remanded. The opinion is reported in 95 Tex. Cr. R. 346, 254 S. W. 986. This time Mouhart was placed upon trial and Anderson used by the state as a witness. No bills of exception appear in the record, and the only question is as to the sufficiency of the evidence.

Randall testified that on the night the robbery occurred he went to Anderson's house to collect $30 which Anderson owed him; that appellant was present when Anderson paid witness; that he then gave appellant some money with which to buy a quart of whisky; that they all drank of the whisky; that Anderson suggested taking witness home in a car; that at the time they left he saw appellant standing near, but did not know he got in the car; that from the effects of the whisky or from being drugged witness lost consciousness about the time they left the house and knew nothing until he was being assaulted as he thought by Anderson; that he was sufficiently at himself to know that his diamond pin was taken during the assault, but that he did not see appellant at this time. Anderson's testimony was to the effect that Randall became very much intoxicated, and that witness started to take him home. in his (Anderson's) car; that he did not know appellant was in the car until after they left witness' house; that on the way home Randall insisted on getting out of the car, and before witness could stop it he did get out; that when he finally brought the car to a stop he saw appellant and Randall in the road some 20 feet back of the car and heard Randall ask appellant not to hit him any more; that witness had no knowledge that Randall had lost a diamond pin or that appellant had it until they got home, when appellant showed him the pin, which was also seen by Mrs. Anderson. This fact was also testified to by Mrs. Anderson. She and her husband both denied knowing what appellant did with the pin before he went to bed. While Mouhart was in jail, he told one of the officers if they would let him go to Anderson's house he thought he could find out what had become of the diamond. Upon returning, he told the officer if he would go to the house and search in a certain flower pot it would be found. Appellant claims he had no knowledge of the diamond being in the pot until he was so informed by Mrs. Anderson. She positively denied giving him any such information, or of knowing it was there. The diamond was found by the officers as a result of the information given by appellant after sifting the dirt taken from the pot. Appellant claims in his testimony that Anderson committed the robbery; that appellant had no knowledge that Anderson had the diamond or that Randall had been assaulted and robbed until after appellant was arrested and in the police station, where he learned it from one of the officers.

It will be observed that the evidence presents one of those cases where each of the arrested parties was placing responsibility for the crime upon the other. The issues raised were purely questions of fact to be settled by the jury. They were authorized to reach the conclusion reflected by their verdict.

The judgment is affirmed.

---

## WILLMAN v. STATE. (No. 8462.)

(Court of Criminal Appeals of Texas. March 18, 1925.)

1. Criminal law ☞511(4)—Defendant's failure to offer wife's explanation of incriminating evidence held corroborative of accomplice.

Where witnesses other than accomplice testified that woman's scream and a shot were heard at time of murder and under circumstances showing sounds to have come from defendant's house, and further testimony showed that defendant's wife was at home, his failure to call her as witness to explain incriminating circumstances *held* to create a presumption of guilt, which is entitled to consideration as corroborative of testimony of accomplice.

2. Criminal law ☞511(2)—Sufficiency of corroborative evidence determined from all such evidence weighed together.

Sufficiency of corroborative evidence, under Vernon's Ann. Code Cr. Proc. 1916, art. 801, as tending to connect accused with commission of crime, *held* to be determined by weighing together all such evidence, direct and otherwise.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

On application for leave to file second motion for rehearing. Application denied.

For former opinion, see 268 S. W. 933.

Callaway & Callaway, of Comanche, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. [1] Appellant seeks leave to file second motion for rehearing on the hypothesis that our opinion announces the rule that the burden is on the accused to prove his innocence, and he wishes to further combat what he calls a dangerous and revolutionary theory. He especially criticizes that part of the opinion which reads as follows:

"That a man was murdered in the yard of another, who offers and attempts no sort of explanation when such explanation would be available by witnesses other than himself, would seem of itself to tend, at least, to connect him with such crime."

A reading of our opinion on rehearing would seem to make clear the proposition that, after stating a number of circumstances seeming to measure up to the demand of the law of corroboration of an accomplice, we made the statement now criticized. Inasmuch as we deem it unnecessary to grant appellant's motion, we, however, elaborate our former opinion upon the particular point involved in the quotation from his motion above set out.

Underhill on Crim. Ev., in section 45, says:

"The failure to * * * call a material witness arouses an adverse inference."

Ruling Case Law, vol. 8, p. 173, states:

"The failure of a defendant to explain incriminating facts and circumstances raises a presumption that such facts and circumstances are true."

And again, on page 169, appears the following:

"What is presumed, as long as the presumption remains, need not be proved; and as to the matter presumed, the burden is on him against whom the presumption exists."

6 Words and Phrases cites many cases defining "presumption," and it is stated:

"A presumption of fact is an inference of the existence of a certain fact upon its necessary and usual connection with other facts which are known."

See, also, 1 Wigmore on Evidence, §§ 272–278.

As a reason for our statement, we again refer to the fact that deceased, in the instant case, was alive at Henry's house in the late afternoon as sworn to by Mrs. Henry, her sister, and Henry. The next day his tracks were found going from Henry's house to that of appellant. They were not found leaving appellant's house. The dead body of deceased was found at a point where the nearest house is that of appellant. Appellant's wife was at his home that night. Henry testifies that she screamed when the fatal blows were struck, and that a pistol was fired. Notwithstanding the testimony of witnesses aside from the accomplice, that a woman's scream and a shot were heard about the time of the murder, and under circumstances which reasonably showed the sounds to have come from appellant's house, his wife is not put on the stand to explain or shed light on these tremendously incriminating circumstances. In Mercer v. State, 17 Tex. App. 452, this court said:

"It was disclosed by the evidence that the defendant's wife must have known important facts bearing directly upon the issue in the case, and that she was within easy reach of the process of the court. She could have explained fully the occurrence testified about by his two daughters when he got his gun and said he would blow his brains out. She could have testified, perhaps, to many other facts which would have shed light upon this horrible transaction. It was not within the power of the prosecution to adduce her testimony, because, being the defendant's wife, she was not permitted under the law to testify against him in this case. He alone could call for her testimony, and compel its production. Her knowledge of the facts, whatever that knowledge might be, was at his command—was within his reach—and without he produced it, or consented to its production, it was a sealed book, which no human tribunal had the power to open against him. Under these circumstances we think the prosecuting attorney was justified in the remarks complained of, and that the court did not err in its action in relation thereto."

Mr. Branch, in section 372 of his annotated P. C., quotes many authorities supporting the proposition that state's counsel may comment on the failure of defendant to produce his wife as a witness, or upon any omission in her testimony, if she testifies. Why authorize and approve such comment if her failure to testify or the omission of material testimony from that given, have not probative force? Suppose the accused, being a witness, should refuse to make answer to criminating questions when put to him, Would anyone doubt the strong inference of the truth of the matters thus unanswered? This is in the nature of the suppression of evidence and is close kin to the destruction thereof, tampering with witnesses, etc., proof of which is always admissible against the accused and may afford strong evidence of guilt.

The suppression of evidence, or failure to produce that which is known and obtainable and material, when appearing in the record as the result of the state's action, has

afforded reason for the reversal of cases by this court, and this would have especial application in cases of circumstantial evidence.

[2] We do not understand the statutory statement regarding the sufficiency of corroboration, i. e., that it must "tend to connect the accused," etc., to require that such corroboration be by evidence in the nature of direct testimony. Nor do we understand that its sufficiency can be accepted or rejected by the measure of the individual piece of evidence. All the evidence must be weighed together, and its probative force estimated in much the same sense as we do in a case wholly dependent on circumstantial evidence. Measured by this rule, and considering the fact of the failure of the appellant to produce material testimony which he alone could use, together with all the other facts and circumstances in this case, led us to the conclusion expressed in the opinion on motion for rehearing.

Leave to file second motion for rehearing is denied.