GREENWOOD REID v. THE STATE.

No. 11497. Delivered October 17, 1928.
Rehearing denied November 28, 1928.

10

The opinion states the case.

*Chandler & Chandler,* of Stephensville for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

We are confronted with appellant's application for certiorari to perfect the record. Said application is accompanied by a duly certified copy of certain exceptions to the court's charge, which appear to have been omitted from the transcript. There is no contest of the application, and without the formality of granting the certiorari we accept and act upon the certified exceptions to the court's charge, as if they appeared in the transcript. There are a number of inaccuracies in this transcript, and attention is again called to the necessity for having competent and skilled persons prepare such documents. Cases involving the life and liberty of a citizen are of serious nature and the change of a few words might greatly alter the meaning and effect of the record.

There is but one bill of exceptions in the record by which complaint is made of a question asked by the district attorney of the mother of appellant regarding her motive for testifying. She made out a complete alibi for appellant, if believed by the jury. She said she wanted to get appellant out, and was asked by the district attorney if her motive for it was not based on the fact that he was already under suspended sentence. The objection made to this by appellant

was sustained and the jury instructed not to consider it. We do not regard this as a matter of such gravity as to call for a reversal, even if erroneous. The jury gave appellant the lowest penalty.

It is evident, from an inspection of the record, that the charge of the court in regard to accomplice testimony, must have been changed after the exception thereto was taken, in as much as the charge appearing in the transcript is wholly different from that portion of the charge set out in the exception. The exception is based on the proposition that the charge places a less burden upon the State and a greater burden upon the appellant. We are of opinion that the charge is not open to this exception. In same the jury were told that they could not convict upon the testimony of the accomplice unless they believed it to be true, and that it connected appellant with the offense, and that they could not then convict him unless they believed there was other testimony in the case tending to connect the defendant, and that they must believe from all the evidence beyond a reasonable doubt that the defendant was guilty. We do not regard this charge as a model, and some parts of it have been criticised, but in as much as it informed the jury that they could not convict on the testimony of the accomplice unless they believed it true, and unless they believed there was other evidence in the case tending to connect the accused with the offense, and not even then unless they believed beyond a reasonable doubt from all the evidence that he was guilty, we do not think the inaccuracies complained of sufficient to call for a reversal. It seems to us that something is omitted from the charge as it appears in the transcript, which is aside from the complaint evidenced by the exception taken.

We do not believe the complaint at the charge because it submitted the law of principals, is well founded; nor are we in accord with the objection to that part of the charge submitting the defense of alibi.

Appellant's chief insistence appears to be that there is not sufficient testimony, aside from that of the accomplice, to tend to connect him with the commission of the offense. The accomplice testified that he was at work on an old Ford car at his home some miles south of Stephenville on the afternoon before the burglary that night, and that appellant came to his house and suggested the enterprise to him. He said they left, appellant driving his car and witness his; that they went to Stephenville that night intending to get from some garage oil and gasoline. He affirmed that they went to the depot for the purpose of getting cream cans to hold gasoline, and that they went near the garage of Mr. Cole where they stopped the car. After

stopping it they were unable to start it. Witness said that appellant then went into Cole's garage and came out with a battery and other things, and that they then began trying to connect up this battery and place it in witness' car. While so engaged he said Runion, Balcome, Jones and some other approached. Jones told him that he had better leave as the law was coming. In a short time Sheriff Hassler appeared on the scene and appellant ran. Mr. Hessler testified that he was watching for other reasons and heard a car approaching, apparently being pushed, and that he went toward it thinking he would apprehend car thieves. He turned on his flash light and saw the accomplice Hill and another, the latter, however, making his escape. The sheriff testified that the man who ran away was about the size and description of appellant. Runion testified that about 12 o'clock on the night of the burglary he, Balcome, Jones and others went down to within about ten feet of the car where Hill and another were working on said car. He recognized Hill, but only knew appellant when he saw him, but that in his best judgment the man with Hill was appellant. Balcome swore that he was with Runion and others at the car and heard Jones tell them that they had better beat it. He recognized Hill, but the other party was in the car about the battery and he did not recognize him. Mrs. Hill, mother of the accomplice, testified that in the afternoon preceding the burglary that night appellant came to her house and talked with her son who was working on his car. The latter came in and changed clothes and left in his car, appellant going away in his. She said she did not see either of them again that night, but found her boy in jail the next morning. A few days later appellant came to her house and talked with her son in a wash shed adjoining the house, and she overheard him ask her son "If he had told it." Witness Scott said he saw appellant in his car and Hill in his, one following the other, about 5 p. m. on the afternoon before the burglary that night. Witness Martin said between 10:45 and 11:00 o'clock on the night of the burglary he went to the depot in Stephenville to mail a letter, and saw a Ford car there, and saw accomplice Hill and another get into the car and drive away. He did not see the other party enough to tell who it was. These circumstances are set out in order that our conclusion that same seem to fill the measure of the law regarding corroboration, may appear. The only demand of same is that it be such as "tends to connect" the defendant with the offense. That two men committed the burglary seems plain. That one of them was Hill, is also established. That Hill and ap-

pellant were together that afternoon and driving together on the road, seems unquestioned. That the man who was with Hill in the immediate vicinity of the burglarized house at the time was about the size and description of appellant, is also in evidence. That a witness who was within ten feet of them said that the man looked like appellant and in his judgment it was the appellant, is also in the record. We deem these facts sufficient, and especially the testimony of the witness who gave his best judgment from seeing the man, that it was appellant. True, this witness is attacked upon the point of his reputation, but his credibility is a matter for the jury and not for this court.

Believing no error appears in the record for which a reversal should be ordered, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The motion for rehearing is predicated on a criticism of our original opinion holding the corroborative evidence of the accomplice witness sufficient. One paragraph of the motion appears to be based on the assumption that our opinion in effect holds the mere fact that accused was seen in company of the accomplice witness prior to the commission of the offense would sufficiently corroborate such accomplice. We do not understand the opinion to announce such a doctrine. The fact that accused and the accomplice witness were in company of each other prior to the commission of a crime is a circumstance which may be considered in connection with all other evidence on the question of corroboration. The rule by which the sufficiency of corroborative evidence is to be measured we deem to have been correctly stated in Minor v. State, 108 Tex. Cr. R. 1, 299 S. W. 422, as follows:

"The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be 'other evidence tending to connect the defendant with the offense committed.' Article 718 C. C. P. 1925. Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the

test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied. Underhill's Crim. Ev. (3d Ed.) Secs. 129 and 130; Meredith v. State, 85 Tex. Cr. R. 239, 211 S. W. 227; Wright v. State, 47 Tex. Cr. R. 433, 84 S. W. 593; Huggins v. State, 85 Tex. Cr. R. 205, 210 S. W. 804; Halbadier v. State, 85 Tex. Cr. R. 593, 214 S. W. 349; Middleton v. State, 86 Tex. Cr. R. 307, 217 S. W. 1046; Walker v. State, 94 Tex. Cr. R. 653, 252 S. W. 543; Willman v. State, 99 Tex. Cr. R. 259, 268 S. W. 933, 269 S. W. 801."

Applying the principle above stated the corroboration of the accomplice witness is deemed sufficient.

The motion for rehearing is overruled.

*Overruled.*