. EDGAR SHRADER v. THE STATE.

No. 14121. Delivered April 1, 1931.
Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 607.

624

Hawkins, Judge, dissenting.

The opinion states the case.

*F. O. Fuller* and *E. E. Fuller,* both of Houston, and *H. S. Lilley,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for cattle theft; punishment, two years in the penitentiary.

A brown cow belonging to Jodie Johnson ran upon the range near appellant's home. It is shown in testimony by one Murphy, who also lived in the vicinity of the range of said cow, that she brought a calf in January or February, 1929, and that the calf was observed by witness

Murphy with its mother at intervals until in August, at which time it was a good sized calf. After August Mr. Murphy said he saw the cow often, but the calf was missing. The state introduced a man named Josh Dirden, who ran a barbecue stand in August and September, 1929, and who bought beef occasionally from appellant. This witness testified that on an occasion in the summer of 1929 he bought from appellant a small beef on Friday, and that appellant was accompanied on said occasion by a man whose name was "Buntling" or something like that. The state witness Bunting being brought in and shown to this witness, he said Bunting looked like the man who was with appellant on the occasion referred to. The state introduced Bunting, who testified that on Friday in August, 1929, he accompanied appellant and his brother out to a point in the woods not far from appellant's home where they had a small beef yearling tied. He said it was a smutty or lead colored looking yearling with kind of white looking legs. He said there was a large brown looking cow around where the yearling was tied, its mother he supposed. This witness testified that appellant told him that the yearling belonged to Jodie Johnson. He further testified that appellant killed the yearling, that they skinned it, and appellant took the meat and sold it to Josh Dirden, and that witness accompanied appellant and was present at the time the sale was made. He also said that appellant appropriated the hide of the animal.

We think the testimony sufficient to corroborate the accomplice Bunting. The requirement of the statute in this regard is only that there be other evidence than that of the accomplice which tends to connect the accused with the offense committed.

There are five bills of exception. The first complains of the refusal of a peremptory instruction to acquit. We see no error in the refusal of such instruction. The next bill complains of the fact that the court's charge does not state the law of the case as adduced by the witnesses, and fails to charge on the law of accomplice testimony. In so far as the complaint is of the failure of the court to instruct the jury on the law of accomplice testimony, this special charge must have been presented before the charge finally given to the jury was prepared in the form it appears in this record, because the court did therein charge the jury on the law of accomplice testimony.

The next bill of exceptions complains of the failure of the court to give a special instruction to the effect that an accomplice witness could not corroborate himself, and that the corroborative evidence must connect the defendant directly and immediately with the commission of the offense. Inasmuch as the corroborative evidence found in this record was not given by the accomplice himself but by two apparently disinterested witnesses, we fail to see the necessity for the giving of such a charge. We think the evidence corroborative of the accomplice did directly tend to

connect the defendant with the commission of the offense.

The next bill of exceptions complains of the refusal of a special charge seeking to have the jury told that before they could convict the defendant there must be other evidence proving the corpus delicti of the one head of cattle other than the testimony of the accomplice, and proving the corpus delicti of the alleged theft. In our opinion charges seeking to have a jury of ordinary citizens pass upon whether the corpus delicti had been established, without any explanation of what is meant by corpus delicti, would be apt to be very confusing and of no help whatever to a jury. We think the charge correctly refused. The next bill of exception is in substance the same and is subject to the same criticism. It sought to have the jury told that when the corpus delicti of the offense is proven alone by the accomplice testimony, it must be corroborated by other evidence, etc. We think a charge such as is here found improper. As stated above, we think sufficient evidence tending to connect the defendant with the offense appears in the record from witnesses other than the accomplice.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The summary of the testimony appearing in the original opinion will not be repeated. The following is the substance of the evidence other than that of the accomplice Bunting:

Josh Dirden conducted a barbecue stand. He bought nothing but dressed meat. It was his custom to buy beef every Friday. On Friday, the last of the summer of 1929, Edgar Shrader and Leslie Bunting brought a small dressed beef to Dirden's place. Dirden bought the beef from Shrader. Dirden had never had any such transaction with Shrader at any previous or subsequent time; that is to say, he had not at any previous or subsequent time bought such meat from Shrader when Bunting was present. However, he had bought meat from Shrader on several occasions.

Jodie Johnson owned a cow which was marked in his brand, which cow ranged in the neighborhood of the locality of the home of Edgar Shrader. The cow gave birth to a calf some months before the date of the sale of the small beef to Dirden by Edgar Shrader. The calf was seen following the cow and was with the cow up until about the 10th or middle of August. Thereafter the cow was seen but the calf was missing. Johnson gave no one permission to take his animal.

Robert Shrader was not called as a witness for his brother, Edgar Shrader. No testimony denying or contradicting the statements detailed above was introduced.

With reference to the corroboration of an accomplice, the following quotation is taken from the case of Hoyle v. State, 4 Texas App., 239:

"The corroborating evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense. It need not, as a matter of course, be sufficient to establish his guilt; for in that event the testimony of the accomplice would not be needed. The purpose of the statute was to prohibit a conviction unless there was some evidence, entirely outside of that of the accomplice, which of itself, and without the aid of the accomplice, tends at least to connect the defendant with the offense committed." See, also, Townsend v. State, 90 Texas Crim. Rep., 553, 236 S. W., 100.

That an accomplice witness may be corroborated by circumstances is not open to question. See Nash v. State, 61 Texas Crim. Rep., 267, 134 S. W., 709; Beeson v. State, 60 Texas Crim. Rep., 39, 130 S. W., 1006. The law does not demand corroboration with reference to every material fact. Nash v. State, supra; Myers v. State, 7 Texas App., 640; 1 Am. & Eng. Ency. of Law & Prac., p. 583. Nor is it required that corroborative evidence alone be sufficient to convict. Nourse v. State, 2 Texas App., 304. It has been said that corroborative evidence need not be direct and positive but simply such facts or circumstances as tend to support the testimony of the accomplice. Wright v. State, 31 Texas Crim. Rep., 354, 20 S. W., 756, 37 Am. St. Rep., 822. Corroborative evidence, however, must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the accused with the commission of the offense. See Roquemore v. State, 54 Texas Crim. Rep., 592, 114 S. W., 140; Chandler v. State, 89 Texas Crim. Rep., 597, 232 S. W., 318; Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580; Branch's Ann. Tex. P. C., sec. 719, and cases cited.

In the reports the word "tend" has been defined "to have a leaning" (Chandler v. State, 89 Texas Crim. Rep., 597, 232 S. W., 318); "serve, contribute or conduce to some degree or way," or "have more or less bearing or effect" (Boone v. State; 90 Texas Crim. Rep., 374, 235 S. W., 580, 584); "to be directed as to any end, object or purpose," (Nash v. State, 61 Texas Crim. Rep., 259, 134 S. W., 709); and in Webster's Dictionary, the word "tend" is thus defined: "To be directed or have a tendency, conscious or unconscious, to any end, object or purpose."

The apparent impossibility of definitely describing or defining the meaning of the Legislature by the use of the word "tending" in the statute (article 718, C. C. P.), renders the question of the sufficiency of the corroboration perhaps the most difficult of solution and the subject of more controversy than the construction of any other statute on the subject of procedure. The precedents are far more lucid and numerous in stating what is not demanded than in disclosing what will be a compliance with the law.

Adverting to the evidence in the present instance, the theft of John-

son's animal by some one is sufficiently established by circumstantial evidence. The difficulty arises in identifying the thief. The views of the writer upon the subject of corroboration are expressed in the case of Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422, 429, in the following language: "Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused. with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If, by this rule, it appears on appeal that before the jury there was proof confirming the testimony. of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied. Underhill's Crim. Evi. (3d Ed.), secs. 129 and 130; Meredith v. State, 85 Texas Crim. Rep., 239, 211 S. W., 227; Wright v. State, 47 Texas Crim.. Rep., 433, 84 S. W., 593; Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W., 804; Halbadier v. State, 85 Texas Crim. Rep., 593, 214 S. W., 349; Middleton v. State, 86 Texas Crim. Rep., 307, 217 S. W., 1046; Walker v. State, 94 Texas Crim. Rep., 653, 252 S. W., 543; Willman v. State, 99 Texas Crim. Rep., 259, 268 S. W., 933, 269 S. W., 801."

The testimony of Johnson and others showing the presence of the calf and its subsequent disappearance leaves little room for question that the jury was justified in concluding that the calf was stolen by some one about the time the accomplice declared in his testimony that he and the appellant stole a calf. The testimony of the nonaccomplice witness Dirden conveyed to the jury evidence showing that about the time the calf was stolen, Bunting (the accomplice) and Shrader brought to the place of business of Dirden the carcass of an animal coinciding in size with the calf in question and that Dirden purchased from Shrader the carcass mentioned. Dirden's testimony is to the effect that he had on previous occasions purchased meat from Shrader; that on no previous or subsequent occasion did he have such a transaction when the witness Bunting accompanied Shrader. The skin had been removed from the animal which Dirden purchased. Bunting said in his testimony that Shrader had shipped the hide of the stolen animal. If the hide had been produced and identified, circumstances would have been sufficient, without the testimony of Bunting (the accomplice) to fasten upon Shrader the guilt of the theft, for the reason that under such circumstances he would have been found in possession of the stolen property under circumstances sufficient, when unexplained, to show that he was the thief. His possession, therefore, of the carcass identified by Bunting and vouched for by Dirden, apparently meets the measure of the law requiring that before the jury is justified in convicting the accused of crime upon the

testimony of an accomplice witness, there must be other testimony *tending to corroborate* the testimony of the accomplice witness.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, JUDGE (dissenting).—I am unable to agree to the proposition that there is sufficient evidence in the present record to corroborate the testimony of the accomplice witness Bunting. My brethren have reached a different conclusion. I am in full accord with the principles of law stated, both in the original opinion and the opinion on rehearing, but am persuaded that the purported corroborating evidence does not meet the requirements of the law. I am loathe to dissent in any case, and especially in one where difference of opinion arises purely from an appraisement of the evidence. Excluding the testimony of the accomplice witness, the other evidence presents the following incidents only.

Murphy knew that Jodie Johnson owned a brown cow which ranged near Murphy's place, and that this cow brought a calf either in January or February, and that the last time he saw the calf with the cow was between the 10th and 15th of August. He described the calf as "between a brown and bluish type—brown about the middle of its side and it was kind of bluish color from there on down." Murphy's testimony only goes to the extent of showing that this calf disappeared, and leaves a strong inference that it was stolen by somebody, but in no way tends to connect appellant with the theft.

Johnson only testified to want of consent to anybody taking the yearling. He did not know in fact whether it had been taken or killed by anybody. He had never seen the yearling and all he knew about his brown cow having a calf was hearsay.

The witness Dirden ran a barbecue stand in the town of Shepherd, and in the latter part of August or first part of September he bought a young dressed beef from appellant who was accompanied at the time by Bunting. Dirden did not undertake to describe the animal, as, of course, he could not do; it being dressed when he bought it. All he knows is that he bought it on Friday and that it was a young beef.

The foregoing is a condensed statement of all testimony outside that of the accomplice witness. It occurs to me that it in no way tends to corroborate Bunting's testimony in any particular, save that he was present at the time appellant sold a young beef to Dirden.

In determining the sufficiency of the corroboration we know of no clearer or safer test than that laid down in Welden v. State, 10 Texas App., 400, as follows: "* * * Eliminating from the case the evidence of the accomplice, and then examining the evidence of the other * * * witnesses with the view to ascertain if there be inculpatory evidence— evidence tending to connect the defendant with the offense. If there is,

the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him." This test has been approved numberless times. See Boone v. State, 90 Texas Crim. Rep., 374, 235 S. W., 580; Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092; Turner v. State, 108 Texas Crim. Rep., 486, 1 S. W. (2d) 642. Applying the foregoing test to the purported corroborating evidence in the present case, it occurs to my mind that it falls short of furnishing that corrobaration required by the statute. It does not remotely tend to connect appellant with the theft of Johnson's animal or tend to identify the carcass of the animal sold to Dirden as ever having belonged to Johnson. As I view the case, the conviction rests solely upon the testimony of the accomplice witness. In my opinion the motion for rehearing should be granted, the judgment of affirmance set aside and the judgment should be reversed and the cause remanded.

I respectfully record my dissent.