### H. D. TALMADGE V. THE STATE.

No. 6584. Decided February 1, 1922.

Rehearing Denied March 1, 1922.

**1.—Theft—Possession—Owner—Practice in Trial Court.**

Where the alleged owner testified, and the facts showed that the alleged property stolen was under his care, control, and management, the fact that he also testified to the conclusion that he was in possession of it was neither important nor harmful.

**2.—Same—Words and Phrases—Evidence.**

Where a witness testified that defendant described the alleged stolen property as "hot stuff," and the defendant testified that the alleged stolen oil pipe was at times referred to as "hot pipe" and sometimes as "wet pipe," there was no reversible error.

**3.—Same—Evidence—Refreshing Memory—Grand Jury Testimony.**

Where a Statute's witness failed to recall a conversation with the defendant, there was no error refreshing his memory by exhibiting to him a written statement made before the grand jury. Which, however, was not read to the jury.

**4.—Same—Continuance—Want of Diligence.**

Where neither in the application for continuance nor the motion for new trial any sufficient reason was given for the failure to cause the subpoena to be issued, etc., there was no error in overruling the application for continuance and motion for new trial.

**5.—Same—Accomplice—Charge of Court.**

Where a State's witness was not an accomplice, as a matter of law, there was no error, in the absence of a requested charge, in failure to submit such question to the jury. Huggins v. State, 85 Texas Crim. Rep., 205, and other cases.

**6.—Same—Rehearing—Continuance—Subpoena—Negligence.**

The promise of the witness to be present at the trial would not avail the defendant, and a failure to apply for process was a want of diligence, and an application for continuance and a motion for new trial thereon was properly overruled; besides, the absent testimony was immaterial.

**7.—Same—Accompliance—Charge of Court.**

Where the evidence showed that the sheriff disguised himself as a laborer for the purpose of detecting the offenders, went with the party and helped to load the alleged stolen property, he was not an accomplice, and no charge thereon was necessary.

91 Tex.—12

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McLean, Scott & McLean*, and *Benson & Dean*, and *John F. Evans, Jr.*, for appellant. On question of sheriff's disguise as a laborer and accomplice testimony: Deaver v. State, 30 S. W. Rep., 1071; Clay v. State, 51 id., 212; Johnson v. State, 125, id., 16.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The property taken was oil well casing. It was situated near the village of Caddo at a well known as Cary No. 2, and Osterman was the owner.

Appellant engaged the owners of a number of trucks to haul the property. One of the persons so engaged informed the sheriff of the enterprise and he disguised himself as a laborer and accompained the party upon one of the trucks, and after the possession of the property was obtained, he arrested the appellant.

Appellant testified and claimed that his design was not to steal the pipe but that his connection with it was by virtue of an agreement with a man named Watson, who claimed to have purchased the pipe from a man named Spleen; that Watson had requested him to hire the trucks and have the property removed, and agreed to pay him the sum of $1,000 for the transportation, this being $300 in excess of the price which the owners of the trucks charged for transporting the pipe.

Osterman testified, and the facts showed, that the property was under his care, control and management. The fact that he also testified to the conclusion that he was in possession of it was not important nor harmful. The facts showing ownership and possession were amply proved without regard to his statement that he was in possession. The fact the use of the word "possession" in connection with his other testimony is but a shorthand rendition of the facts. At all events, the possession was not a controverted issue. The state's testimony, as stated above, aside from this conclusion, was ample to establish it.

In negotiating with the owners of the trucks, one of the witnesses testified that appellant described the property as "hot stuff." In his testimony appellant declared that stolen pipe was at times referred to as "hot pipe" and sometimes as "wet pipe." We think the complaint of the admission of the testimony that in making arrangements to

haul it appellant described it as "hot stuff" is not a matter calling for a reversal of the cause.

The state's witness Lockhart failed to recall a conversation with the appellant. A bill of exceptions complains of the conduct of the state touching the statement of Lockhart before the grand jury. The bill is qualified thus:

"The district attorney claimed surprise at the testimony of the witness Joe D. Lockhart failing to remember a conversation had with the defendant prior to the theft, and asked the witness if he had not testified before the grand jury and the witness answering in the affirmative, the district attorney then showed him his statement made before the grand jury which had been reduced to writing and signed by the witness, and the witness after reading the same testified to the conversation with the defendant which the district attorney had undertaken to prove by him in the first instance. The grand jury statement was not read to the jury, and was not offered nor admitted in evidence."

Thus explained, the bill shows no error. The writing was available to refresh the memory of the witness.

Thus explained, the bill shows no error. The writing was available to refresh the memory of the witness.

An application or a continuance was made on account of the witness Stout, by whom the appellant expected to prove his contract with Watson to haul the pipe and that upon learning of appellant's arrest, Watson had fled the country. Stout was a resident of the county, and the trial took place about a month after the indictment was returned. No process was served on Stout and none issued for him until three days before the trial. In the application, there was an averment that a few days before the trial began he (Stout) had promised to be present and that he was temporarily in Comanche County, though his exact whereabouts was unknown. The motion for new trial was overruled something over a week after the trial. Neither in the application nor in the motion for new trial was there any sufficient reason gvien for the failure to cause the subpoena to be issued at an earlier date or to attach his affidavit to the motion for new trial. We think the diligence is insufficient. Aside from that fact, the record does not, in our judgment, indicate that the trial court abused its discretion in overruling the application.

Appellant's connection with the taking of the property was conceded, and there were many circumstances revealed by the evidence pointing to his knowledge that the taking was illegal. The expedition was undertaken at night. The trucks were separated and re-assembled near the stolen property at a certain point designated by the appellant. There was evidence that as they approached, upon appellant's suggestion, the noise was suppressed and the lights were extinguished.

The testimony with reference to the entity of Watson described by the appellant was not of so impressive a character as to indicate that the trial judge was wrong in concluding that the absent testimony of Stout would have probably produced a different result. The failure to produce Spleen, from whom appellant claims that Watson bought the property is unexplained.

Appellant advances the position that the witnesses against him were accomplices. We think they were not so as a matter of law. Wright v. State, 7 Texas Crim. App. 574; Allison v. State, 14 Texas Crim. App. 122; Smith v. State, 89 Texas Crim. Rep. 145; and cases listed. There was no request made to have the jury determine their status. In the absence of such request, the witnesses not being accomplices as a matter of law, their testimony will support the verdict. McElroy v. State, 53 Texas Crim. Rep. 59; Huggins v. State, 85 Texas Crim. Rep. 205.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 1, 1922.

LATTIMORE, JUDGE. We have considered appellant's contentions in his motion for rehearing. The indictment against him was returned April 28, 1921. His case was called for trial May 26th thereafter. No sort of diligence would be shown to obtain a witness for whom no process was issued until May 23rd. That said witness on that day had promised appellant that he would be in attendance at the trial, would not avail him. Appellant had already been guilty of negligence in failing to have process issued. That he did not depend on the promise of said witness is shown by the fact that on the day on which he claims the witness promised him to be at the trial, a subpoena was asked for said witness.

The materiality of the absent testimony was a matter to be considered by the court below in passing on the motion for new trial. Said testimony as stated in the application for continuance was that the absent witness would swear that he knew one Watson and saw him in Cisco on April 20, 1921, and knew that Watson was dealing in pipe. The record discloses that appellant introduced several other witnesses on the trial who testified that they knew a man named Watson who dealt in pipe. We find nothing in the statement of facts indicating any controversy of this fact. The theft charged against appellant took place on April 16, 1921, from a point in Stephens County where the alleged stolen pipe was located. We are unable to perceive the materiality of proving that the absent witness saw Watson in Cisco, in Eastland County, four days after the alleged theft.

It is in evidence that a truckman engaged by appellant to assist in hauling the alleged stolen pipe, gave some information to the sheriff concerning the enterprise. That the sheriff disguised as a laborer and for the purpose of detecting the offenders, went with the party and helped to load some of the alleged stolen pipe on a truck, would not seem to make of him an accomplice under any of the authorities. His sole purpose was to be in a position to make out a case against the guilty parties who were arrested by him in the act of committing the theft. No error was committed by the court in refusing to charge on the law of accomplice.

Believing that the case was correctly decided, the motion for rehearing will be overruled.

*Overruled.*