## JAMES WELDEN v. THE STATE.

EVIDENCE — CORROBORATION OF ACCOMPLICE. — The corroboration of an accomplice required by law in order to warrant a conviction upon his testimony must tend pertinently to connect the accused with the offense.  Corroboration as to matter having no tendency in this direction, however thorough and complete, will not suffice. See the opinion *in extenso* on the subject.

APPEAL from the District Court of Brown.    Tried below before the Hon. T. L. HUTCHISON.

The opinion discloses the case.

*Scott & Jenkins*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.    Appellant Welden was convicted of the theft of a horse, upon the testimony of one H. C. Hetler and a witness by the name of Gentry.   The evidence of these witnesses was relied upon solely for a conviction, except the want of consent, which was proved by the owner. From the facts sworn to by the witness H. C. Hetler, and the evidence of Gentry, Hetler was evidently an accomplice.   This being the state of the case, was there any fact sworn to by Gentry corroborating the testimony of Hetler, and which tended to connect the defendant Welden with the theft of the horse?

The witness Gentry testified as follows: "That he saw the horse stolen tied in the brush about a mile from his place, where H. C. Hetler worked; that he asked said Hetler if he knew what horse it was; he said he did not. The next day I told Hetler again about said horse and that Mathews claimed him.   Hetler then told me it was a horse the defendant claimed.   I then asked Hetler where the defendant was.   He replied that he did not know.   He told Hetler that he and defendant had been seen together, and that he thought Hetler ought to know something about it."

There is not a fact in this evidence tending in the remotest degree to inculpate the defendant. It is true that the witness told Hetler that he and defendant had been seen together. The witness is not to be understood as stating that *he* had seen them together. When and where seen is not stated; whether under circumstances tending to connect the defendant with the theft of the horse is not shown. In order to convict the defendant upon the testimony of an accomplice, there must be other evidence tending to connect the defendant with the offense. The accomplice must be corroborated by the evidence of some other witness, and this corroboration must be by proof of some fact tending to *connect* the *defendant* with the commission of the offense. The accomplice may state any number of facts, and these facts may all be corroborated by the evidence of other witnesses; still, if the facts thus corroborated do not tend to connect the defendant with the crime, or if they do not point pertinently to the defendant as the guilty party or as a participant, this would not be such corroboration as is required by the Code. We suggest this mode as a proper test: eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence — evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no *inculpatory* evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him.

The accomplice in this case speaks of the bell which was taken from the horse. This bell was found where he stated the horse was caught when stolen. This proves but two facts, 1st, that he was present when the horse was stolen, and the bell was taken off of the horse and left where found. 2d. Or if not present, some person informed him of the whereabouts of the bell. That it

tended to connect the defendant with the theft of the horse is not shown by any other fact.   Standing isolated, such tendency cannot be perceived.   The court submitted to the jury a proper charge upon the necessity of corroboration of an accomplice, but, as there was no evidence tending to corroborate the accomplice, such as is required by our Code, the court should have granted the defendant a new trial.

We have not in this opinion undertaken to decide what strength or probative force the corroborating evidence must have, to be a sufficient corroboration to justify a conviction.   Upon this point see these cases: *Roberts* v. *State*, 44 Texas, 119; *Gillian* v. *State*, 3 Texas Ct. App. 132; *Hoyle* v. *State*, 4 Texas Ct. App. 239; *Jones* v. *State*, 4 Texas Ct. App. 4:6; *Roach* v. *State*, 8 Texas Ct. App. 278; *Simms* v. *State*, 8 Texas Ct. App. 230.

In the last cited case, Judge Winkler we think correctly states the rule, which is "that the evidence must tend directly and immediately to connect the defendant with the commission of the offense."   This is not a question in this case; for we have seen that there is no evidence either directly or remotely connecting defendant with the offense, except that of the accomplice.

The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*