# JANUARY, 1919.

### Kellar Johnson v. The State.

#### No. 5185. Decided January 8, 1919.

**1.—Burglary—Accomplice—Corroborating Testimony—Rule Stated.**

Where, upon trial of burglary, the corroborating testimony did not establish facts material and relevant which would authorize the jury to credit the testimony of the accomplice against the defendant, the conviction could not be sustained.

**2.—Same—Identity of Property Stolen.**

Where, upon trial of burglary, the identity of the stolen property was sufficiently established by circumstantial evidence, there was no error on that ground. However, the evidence was insufficient as to possession and other matters.

Appeal from the District Court of Austin. Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Johnson, Matthaei & Thompson,* for appellant.—On question of insufficiency of the evidence: Oliver v. State, 69 Texas Crim. Rep., 263, 153 S. W. Rep., 309; Motley v. State, 66 Texas Crim. Rep., 135, 145 S. W. Rep., 620; Lawrence v. State, 66 Texas Crim. Rep., 346, 146 S. W. Rep., 928.

On question of accomplice: Adams v. State, 102 S. W. Rep., 1129; Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Conviction was for burglary. The only question for review is the sufficiency of the evidence. The incriminating evidence is from Arthur George, a negro boy, a stepson of a negro by the name of Miller, with whom George resided. Appellant, a negro boy about sixteen years of age, lived with one Gillum about 300 yards from Miller's premises. Two sacks of oats were missed by Lilly, he having on the previous night left them in his crib with the door fastened. A search warrant for the search of the premises of Gillum and Miller was obtained, and after failing to find the missing property on Gillum's

premises, they were found in Miller's barn, upon information gotten from the witness George.

This witness testified that he and appellant were together on the night of the 16th of January, and that "we didn't do anything except we went over and taken two sacks of oats from C. C. Lilly's crib. Went in a buggy with a double team. After taking the oats, got home about 10 or 11 o'clock. We left the team at the gate, turned around before we got the oats, put them in the buggy and carried them to our house and put them in our barn." It appeared that Miller was cognizant of the theft; that he had stock to feed; that the sacks of oats had been opened and some of them taken out, presumably for the purpose of feeding Miller's stock. At the time of the search Miller disclaimed knowledge of them, and the record indicates that Miller had disappeared. George gave no further description of his movements on the occasion to which he testified, and the record is silent with reference to direction and distance.

There is evidence to the effect that Miller and Gillum were tenants on the same farm and used the same gate in going from the road into their premises, and when Miller missed his oats he found some on the ground in the road some seventy-five yards from his barn, and found, he says, tracks of two buggies and that one of them was a buggy with a double team, the tracks of which he followed to the gate mentioned.

The witness Lubajowisky testified that on the night the oats were lost he saw a buggy drawn by two horses pass his house about 11 o'clock at night and recognized Miller's team, and that the next morning the oats were found at the house of the same parties who passed his house. He said that he recognized two negroes in the buggy, who were about twenty-five steps from him; that one of them was Arthur George and the other one he had often seen but could not name but whom he designated by pointing out the defendant. The buggy, he says, was coming from town and going in the direction of Miller's house, and he saw nothing in it except the two boys. Nothing special occurred to draw his attention except that he had walked from town and as he saw the buggy pass he thought if he had known it was coming he might have ridden. The record is silent as to where his house was situated with reference to the premises of Lilly, to town, and to the premises of Miller and Gillum.

The testimony of this witness constitutes all that we discern in the record which could be regarded as evidence corroborating the accomplice George, and as presented in the record, in our opinion, it does not meet the requirement of the statute which declares the testimony of an accomplice insufficient to convict unless it is corroborated by other evidence tending to connect the defendant with the offense committed. Art. 801, C. C. P.

At most, it shows that on the night the burglary was committed a corroborating witness saw the appellant and the accomplice together in

a buggy which belonged to Miller, in which there was no oats seen, at a point on the public road, the proximity of which to the scene of the crime, or the relation of which in the matter of distance and direction is not disclosed. While the law does not require that the corroborating facts or evidence shall be such as would show guilt independent of the evidence of the accomplice, it does demand that the corroboration with some degree of cogency, tend to establish facts material and relevant which would authorize the jury to credit the testimony of the accomplice against the accused. In the present instance we think the bare fact that appellant was seen riding in a buggy with the accomplice at the time and place described, does not, in the sense required by the statute, tend to establish the fact that appellant committed the burglary charged.

It is contended in the case that the identity of the oats was not sufficiently established. We regard the circumstances developed sufficient upon this point. The oats, however, were not found in the possession of appellant, but in possession of Miller and George, and there is an absence of motive on the part of appellant in that it appears that under his arrangement with Gillum, with whom he was living, Gillum was to furnish both the stock and feed for his farming operations, and while appellant owned a pony it was not in use but was in the pasture, which, according to the evidence, was sufficient for its needs and Gillum is shown to have been provided with provender for his stock. On the contrary, Miller, in whose possession the oats was found, had a motive for committing the offense in that the oats were useful to him in supplying his stock with food. In any event, we think the corroboration is insufficient and that for that reason a reversal of the judgment should result.

Reversed and remanded.

*Reversed and remanded.*