## W. H. DURHAM V. THE STATE.

No. 10512.   Delivered February 2, 1927.

1.—Possessing Intoxicating Liquor—Accomplice Testimony—Sufficiency of Corroboration—Rule Stated.

In testing the sufficiency of the corroboration of an accomplice testimony, long recognized by our courts as correct, the testimony of the accomplice should be eliminated from the case, and the evidence of other witnesses alone considered, to determine if their testimony is inculpatory and of that incriminating character which tends to connect the defendant with the commission of the offense. If it is, the corroboration is sufficient, otherwise not. See Weldon v. State, 10 Tex. Crim. App. 400, and other cases cited.

2.—Same—Continued.

Where on a trial for possessing intoxicating liquor for the purpose of sale, the only corroborating testimony of that of the accomplice was of an officer, to the effect that he saw an automobile in Hamlin, belonging to and being driven by a man named Smith, containing several gallons of whiskey, and saw appellant place his foot on the running-board of the car, as though in the act of getting into same, this testimony was not sufficient to corroborate that of the accomplice.

3.—Same—Argument of Counsel—Failure of Accused to Testify—Statute Is Mandatory.

Art. 790 C. C. P. (new Art. 710) forbids allusion to the defendant's failure to testify, by counsel. This statute is mandatory. However adroit an argument may be, if its effect is to direct the attention of the jury to the failure of the accused to testify, it is violative of this statute, and will necessitate the reversal of the case on appeal.

4.—Same—Continued.

Where a defendant has not testified himself, nor offered any defensive testimony whatever, it would be well for counsel for the state to confine himself to a discussion of the evidence introduced by the state, and not allude to the defendant's failure to produce evidence, unless it is apparent from the record that evidence other than his own was available, which he neglected to bring before the jury. See Gothard v. State, 99 Tex. Crim. Rep. 452.

Appeal from the District Court of Jones County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Only two witnesses testified, Johnson, the officer who arrested appellant, and Smith an admitted accomplice. The point is made that the accomplice witness was not sufficiently corroborated to permit the conviction to stand in view of Article 718 of our Code of Criminal Procedure (1925 Rev.) which positively denies a conviction "upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed," and which further provides that "the corroboration is not sufficient if it merely shows the commission of the offense," but it must tend to connect accused with its commission. The test as to the sufficiency of the corroboration long recognized as correct by our court is to eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witnesses with the view to ascertain if there be inculpatory evidence, that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense; if there is the corroboration is sufficient, otherwise *not.* Welden v. State, 10 Tex. Ct. App. 400; Boone v. State, 90 Tex. Crim. Rep. 374, 235 S. W. 580; Jones v. State, 59 Tex. Crim. Rep. 559,      S. W.      Applying this test to the present case we look first to the evidence of Johnson, remembering that the charge sought to be proved against accused was that he was in possession of intoxicating liquor for the purpose of selling it. Johnson testified as follows:

"I am city marshal at Hamlin. * * * I know the defendant. * * * I arrested him in the town of Hamlin on or about the 17th day of December, 1925. I arrested somebody in company with him, Chester Smith. They were in a Chevrolet touring car. As to whether I saw the defendant in that car, he started to get in the car, his foot was in, partly, he was pulling up to get in the car. His foot was on the running board. I didn't know at that time whose car it was. I afterwards found out it was Mr. Smith's car. Chester Smith was in the car. * * * Prior to the time I

arrested him I saw some whiskey in the car, I believe there was seventeen quarts of it. * * * I saw about a half a quart of liquor laying on the back seat and one empty jar and there was two fruit jar cases setting between the seats."

This is all the testimony aside from that of the accomplice. If the officer had seen appellant in the car prior to that time he does not say so. Whether appellant lived in Hamlin or elsewhere does not appear from his evidence. If appellant did anything in, about or in connection with the car or its contents which was observed by the officer it was not related. All the information his evidence gave the jury was that Smith was in his own car which contained 17 quarters of whiskey, and appellant was seen with his foot on the running board, apparently about to get in the car. Does this evidence tend to show that he was in possession of the whiskey intending to sell it with any more probative force than it tends to show he was present at the car with intent to purchase whiskey? What criminative fact does it establish? If Johnson could see the whiskey then it would be fair to infer that appellant could also see it, but what relation to it appellant sustained the officer's evidence does not tend to show.

The witness Smith makes out a case, claiming that he and appellant purchased the whiskey in an adjoining county and engaged in the joint enterprise of bringing it to Hamlin for sale, and were to divide the profits. The accomplice may be telling the truth about the matter; if so it is unfortunate for the state that it could not bring corroborative evidence to support him in compliance with the statute.

Four bills of exception complain of argument as being an allusion to appellant's failure to testify in contravention of Art. 710, C. C. P. (1925 Rev.) The argument complained of rather indicates that the state was seeking a conviction more because appellant failed to call witnesses to prove he was *not* with Smith than upon the evidence the state had produced. The testimony does not disclose any witness who was in a position to explain appellant's whereabouts during the time the accomplice claims they were acting together in relation to the whiskey save appellant himself, and while the argument is adroit it is difficult to escape the conclusion that its effect, if not its purpose, was to direct the jury's attention to the failure of accused to explain his whereabouts. What has been heretofore said in Gothard v. State, 99 Tex. Crim. Rep. 452, 270 S. W. 177, is repeated in view of the frequency of this matter coming before us for review:

"Article 790 C. C. P. (now Art. 710) gives the defendant the right to testify in his own behalf in any criminal cause, but, if

he does not, it forbids allusion thereto or comments thereon to be made by counsel. The result of a violation of this statute in argument is well known. A statute operating for the benefit of accused is entitled to the same respect as one for the benefit of the state, and there is no way to enforce respect for and obedience to it other than to reverse a judgment of conviction which follows a violation of this plain mandatory provision of the law. Notwithstanding the many judgments this court has been called upon to reverse by reason of counsel ignoring the statute under consideration, the legislature up to the present time has not seen proper to modify or repeal it. We think it not out of place to suggest that in cases like this where a defendant has not testified himself nor offered any defensive testimony whatever, it would be well for counsel representing the state to confine himself to a discussion of the evidence introduced by the state, and not allude to defendant's failure to produce evidence, unless it is apparent from the record that evidence other than his own was available which he neglected to bring before the jury."

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*