### JIM MILLICAN V. THE STATE.

No. 11813.   Delivered May 23, 1928.

**1.—Burglary—Accomplice Testimony—Without Corroboration—Insufficient.**

Where, on a trial for burglary the state relied for a conviction upon the testimony of two accomplices, no sufficient corroboration of the accomplice testimony being shown, the conviction must be set aside.

**2.—Same—Accomplice Testimony—Corroboration Necessary—Rule Stated.**

While it is not necessary that the corroborating facts as evidence should be such as to show guilt, independent of the evidence of the accomplice, however, the law demands that the corroboration, with some degree of cogency, tends to establish facts material and relevant, which would · authorize the jury to credit the testimony of the accomplice. See Johnson v. State, 208 S. W. 170.

Appeal from the District Court of Comanche County. Tried below before the Hon. Joe H. Eidson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*A. B. Haworth* of Comanche, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary, the punishment confinement in the penitentiary for two years.

The only question for review is the sufficiency of the evidence. Jim Roe and Earnest McDonald were accomplices. Roe testified, in substance, that he, Beaumont King, Earnest McDonald, Johnnie Bradshaw and appellant took a ride in his car on the night of the burglary; that he, Roe, was drunk and had no clear recollection of what occurred; that he and his companions left the town of Comanche, Beaumont King driving the car, and after driving to several nearby towns went to the town of Gustine, which was thirteen miles from the town of Comanche; that the appellant was in the car when they reached Gustine; that he, the witness, had nothing to do with the offense for which appellant was being tried and was unconscious that said offense was being committed. Earnest McDonald testified in substance that he and the parties named by Roe left the town of Comanche and drove to Gustine where the burglary was committed; that he, the witness, entered the store of J. W. Robinson while appellant and the other parties remained outside and kept watch; that he took from the store three or four leather coats, some trousers, a pair of puttees and a cash register which contained a small amount of money; that the property was divided between the parties, with the exception of Jim Roe, who had not participated in the burglary and was not conscious that it was being committed; that he, the witness, and his companions threw the cash register in the river near by; that the stolen property was secreted by him and his companions in a tabernacle near the town of Comanche; that the burglary was committed at about 2 a. m.; that the parties separated in Comanche about daylight, appellant going to his home. J. T. Gilbreath, sheriff of Comanche County, testified that he found the stolen property pursuant to a conversation with Johnnie Bradshaw, an accomplice, in a tabernacle near the town of Comanche. The witness G. W. Robinson testified that his store had been burglarized and identified the stolen property recovered by the sheriff. Appellant was not found in possession of any of the stolen prop-

erty. Joe Lewis, a state's witness who was not connected with the burglary, testified that he had ridden around the town of Comanche with appellant and his companions on the night of the burglary until about 9:30 or 10 o'clock p. m.; that at about 10 o'clock he left the parties and went to his home in the town of Comanche, while appellant and his companions drove out of town. Frank Clark, a witness for the state, testified that early in the evening he saw appellant and his companions together in the town of Comanche. Andrew Pate, deputy sheriff, testified that he searched appellant's home on the morning after the burglary but failed to find any of the stolen property. Upon these facts alone the state relied for a conviction.

Testifying in his own behalf appellant denied any connection with the commission of the offense and stated that he was at home in the town of Comanche at the time the offense was committed. His brother, Bryan Millican, corroborated appellant's theory that he could not have committed the offense because of the fact that he was at home at the time it was committed.

The only corroborative testimony was that given by Lewis and Clark. Neither of these witnesses saw appellant in company with the accomplices later than 10 o'clock on the night of the burglary. When they saw appellant and his companions they were in the town of Comanche, fifteen miles from the scene of the burglary. The burglary was committed at 2 a. m. At most, their testimony shows that on the night the offense was committed the witnesses saw appellant and his companions together in an automobile fifteen miles from the scene of the burglary. No witness other than an accomplice placed appellant in the town of Gustine where the offense was committed. None of the stolen property was found in appellant's possession. That the corroborating testimony is insufficient to tend to connect the appellant with the commission of the offense seems obvious. It is the requirement of the statute that the corroborating testimony must tend to connect the accused with the offense committed. A conviction cannot be had upon the testimony of an accomplice unless corroborated in the manner provided by the statute. The corroboration is not sufficient if it merely shows the commission of the offense. Art. 718, C. C. P. As we understand the record the corroboration goes no further than to show that the offense of burglary had been committed. It is not necessary that the corroborating facts or evidence should be such as to show guilt independent of the evidence of the accomplice. However, the law demands that the corroboration with some degree of cogency tend to establish facts material and relevant

which would authorize the jury to credit the testimony of the accomplice. Johnson v. State, 208 S. W. 170. The evidence is insufficient to support the verdict of the jury and the judgment rendered thereon.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.