ROSA WAYBOURN v. THE·STATE.

No. 12264. Delivered June 19, 1929.

The opinion states the case.

*Harris* and *Harris* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for 45 years.

Appellant was convicted under the fourth count of an indictment charging the murder of her husband, W. W. Waybourn. It was charged in said count of the indictment that—

"Joe Morales on or about the 10th day of March, A. D. 1928, * * * did then and there unlawfully and voluntarily and with malice aforethought kill W. W. Waybourn by striking and beating and cutting him with a piece of steel; and * * * that Rosa Waybourn * * * prior to the commission of said offense by the said Joe Morales as aforesaid * * * did unlawfully· and wilfully promise the said Joe Morales, a reward, favor and inducement, to-wit: Did promise the said Joe Morales three hundred dollars in money in order to procure the commission of the said offense by the said Joe Morales; the said Rosa Waybourn not being present at the commission of the said offense by the said Joe Morales * * *."

It was incumbent upon the state in order to meet the allegations of the indictment to prove beyond a reasonable doubt that Joe Morales killed deceased in the manner alleged and that prior to the commission of the said offense appellant promised.to pay the said Morales as a reward, favor and inducement three hundred dollars in money in order to procure the commission of said offense. In an effort to discharge such burden the state relied chiefly upon the testimony of Hugo Middleton, an accomplice. This witness testified that appellant requested him to aid her in bringing about the death of her husband; that he found a Mexican by the name of Joe Morales; that appellant talked to Joe Morales in the witness's place of business where she agreed to pay him three hundred dollars to kill her husband; that Morales agreed ·to make the attempt; that on the 10th of March, 1928, appellant left the key to her husband's room with the witness; that he gave the key. to Morales and that later Morales returned the key to him; that on the following day appellant called by his shop and got the key to her husband's room asking him at the time if anything had happened at the house; that after appellant reached her home it was found that her husband had been killed; that following the killing the witness saw Morales; that Morales told him that he had killed deceased with a piece of steel bar off of a plow; that approximately a week after the killing appellant gave the witness $250.00 with which to pay Morales; that he paid Morales the amount of money left with him and that later he found the rubber band off of the currency on the floor of the toilet in the witness's place of business; that he told Morales to leave the country and had not seen him since. It appears from the state's testimony

that the accomplice and appellant had been on terms of intimacy. Appellant's husband had carried insurance payable to appellant. The testimony of the state showed that Middleton and appellant had attended to the payment of the premiums of said insurance. It was further in evidence that appellant had on several occasions threatened to have deceased killed. After the death of deceased appellant and Middleton employed a detective to investigate the homicide. It appears that he was discharged by appellant, it being the theory of the state, given some support in the testimony, that the detective was learning facts tending to show that appellant and Middleton were criminally connected with the death of her husband. A Mexican by the name of Joe Morales lived in the vicinity of the home of appellant prior and up to the homicide. After the homicide he disappeared and had not been seen by any witness since. Many fatal wounds were inflicted upon deceased, the nature of which indicated that he had been attacked with an instrument of the character described by the accomplice Middleton. On the occasion of the homicide appellant was in the city of Austin. Testifying in her own behalf appellant denied any connection with the killing of her husband.

Middleton's testimony to the effect that Morales said that he killed deceased and that he, Middleton, paid Morales $250.00 at the instance of appellant as a reward for committing the crime was uncorroborated. Article 718 C. C. P. provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed and the corroboration is not sufficient if it merely shows the commission of the offense."

It is the requirement of the statute that the corroborating testimony must tend to connect the accused with the offense committed. A conviction cannot be had upon the testimony of an accomplice unless corroborated in the manner provided by the statute. Millican v. State, 7 S. W. (2d) 82; Johnson v. State, 208 S. W. 170.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.