R. M. Stephens v. The State.

No. 12719. Delivered June 26, 1929.

The opinion states the case.

*Eugene F. Mathis* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment confinement in the penitentiary for two years.

Bryan Fleming was an accomplice. He testified that he saw appellant on the 21st of August, 1928, in the city of San Angelo, where he had a business transaction with him. Describing this transaction, he said that appellant wrote a check on the San Angelo

National Bank in the sum of one dollar payable to W. E. Simmons or bearer and signed the name of R. M. Freeman to said check. He testified that appellant told him to write the figure "9" before the "$1.00" and to write "ninety" before the "one" in order that the check might show that it was for $91.00; that appellant then instructed him to cash the check for $91.00 and bring the proceeds to him; that after entering the bank he raised the amount of the check pursuant to appellant's request; that appellant remained outside of the bank while the witness raised and cashed the check; that he delivered the money to appellant. Two or three days before the witness Fleming cashed the check in question appellant went to the San Angelo National Bank and made a deposit of $5.00 in the name of R. M. Freeman, which was not appellant's true name. He left a signature card in the bank which was in the possession of one of the tellers at the time the check was cashed. This teller testified that Fleming presented a check to him in the sum of $1.00 executed by R. M. Freeman and payable to W. E. Simmons and that he placed his O. K. upon said check. Another teller of the bank testified that he cashed the check presented by Fleming in the amount of $91.00. He said the check bore the O. K. of the teller whose duty it was to determine whether checks should be honored. None of the bank officers or employees testified to having seen appellant in the bank when Fleming cashed the check. Fleming's testimony alone placed appellant on the outside of the bank.

In our opinion there is no evidence in the record other than that of the accomplice tending to connect appellant with the offense committed. Only the accomplice testified that he saw appellant write the check in question. No one saw appellant in the bank when the check was cashed. No witness testified that he saw the accomplice deliver the money to appellant. According to his own testimony the accomplice altered the check. No one testified to having heard appellant instruct him to raise the amount of the check. Article 718 C. C. P. provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed and the corroboration is not sufficient if it merely shows the commission of the offense."

It is the requirement of the statute that the corroborating testimony must tend to connect the accused with the offense committed. A conviction cannot be had upon the testimony of an accomplice

unless corroborated in the manner provided by the statute. Millican v. State, 7 S. W. (2d) 82; Johnson v. State, 208 S. W. 170.

We deem it unnecessary to determine whether, if the accomplice had been sufficiently corroborated, a case of forgery would be presented.

Because the evidence is insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.