## J. C. BRUNETT v. THE STATE.

No. 12947. Delivered February 26, 1930.
Rehearing denied March 26, 1930.
Reported in 26 S. W. (2d) 208.

The opinion states the case.

*Jno. R. Francis* of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* Asst. Dist. Atty., both of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to rob; the punishment confinement in the penitentiary for five years.

Thomas Little entered the Boulevard Cafe in Houston, presented a pistol and ordered those present to hold up their hands. He directed one Hight, who was present, to open the cash register. Appellant was present at the time and, with others, obeyed the command "to put them up." As Hight endeavored to open the register, the cook opened fire on Little from the kitchen. Little returned the fire. One of the shots fired by the cook struck Hight and he later died. One Clifton, who was present at the time, also received a wound. Little ran out of the restaurant without securing any money. Appellant called police officers over the telephone. He did not tell them that Little was the man who attempted to commit the robbery. Appellant and Little had known each other in Louisiana where both had been confined in the penitentiary. They had known each other in Houston intimately for over a year, Little having roomed at the home of appellant's mother. Appellant had lived in his mother's home at the time. The pistol used by Little in attempting to commit the crime belonged to appellant. Appellant delivered the pistol to Little on the evening of the robbery. He drove in his automobile with Little and one Ibeck until about 10:30 p. m. He got out of the car, leaving it in possession of Little and Ibeck and went to the Boulevard Cafe, where he remained from about 11 p. m. until about 1 a. m., the hour when the robbery was attempted. After the attempted robbery appellant went to the home of the girl with whom he was keeping company, where he spent the night. Little met him there shortly after the robbery, and remained during the night. Appellant and Little remained together until appellant was arrested. Although having been questioned by the officers prior to his arrest, appellant had not named Little as the offender. After his arrest appellant was taken by the officers to the home of his sweetheart.

He told the officers that Little could be arrested there. The officers awaited Little's arrival and placed him under arrest. Shortly after the robbery, appellant had made a statement to the police officers. It appears that he thereafter made several statements to said officers. In none of these statements did he identify Little as the robber.

Little testified that he and appellant agreed before the attempted robbery that appellant should go into the restaurant and remain there until he (Little) committed the robbery; that they agreed to divide the proceeds of the robbery; that appellant was to delay the calling of the police as long as possible; that if he were apprehended, appellant was to state to the officers that he (Little) was not the offender. He said that the pistol he used was procured by appellant shortly before the attempted robbery from a shop where he (appellant) had pawned it; that appellant had lost the pawn ticket and had to make an affidavit in order to secure the pistol.

The pawn-broker testified that appellant came to his shop and secured his pistol by making affidavit that the ticket was lost. Appellant's affidavit was introduced by the state.

Appellant admitted his association with Little, and testified that he had given the pistol to Little which was used by him on the occasion of the attempted robbery, but that he did not know that Little expected to commit the offense. He admitted that he was with Little shortly prior to the robbery and that Little was using his (appellant's) automobile. He testified that Little spent the remainder of the night with him after the attempted robbery. He said that he knew Little to be the offender but withheld his information from the authorities because of the fact that he was afraid that Little would tell that he (appellant) had been in the penitentiary in Louisiana. He denied that he had entered into an agreement with Little to commit the offense.

We are unable to reach the conclusion that the accomplice Little was insufficiently corroborated. The corroborative evidence, under the terms of the statute, is sufficient if it tends to connect the accused with the commission of the crime. Art. 718, C. C. P. In testing the sufficiency of evidence offered to corroborate an accomplice, this court has often resorted to consideration of the corroborative evidence alone in order to see if there be in such evidence any fact which tends to point to the accused as the offender. Townsend v. State, 236 S. W. 100. Considering the corroborative evidence to the point that it tends to connect appellant with the commission of the offense, it is observed that appellant and the accomplice had been

intimately associated for several months; that shortly prior to the commission of the offense appellant had procured the very pistol used by the accomplice from a pawn shop and delivered it to the accomplice; that on the night of the transaction, appellant and the accomplice had ridden to the vicinity of the restaurant in appellant's car; that appellant had remained constantly in the restaurant for approximately two hours; that although appellant recognized Little as the offender, he failed, upon being questioned by the police, to name him, and this notwithstanding the fact that appellant had called for the police after the accomplice had left the restaurant; that appellant and the accomplice spent the remainder of the night together and remained together until appellant was arrested.

Bill of exception No. 1 is concerned with the refusal of the court to continue or postpone the case. The court qualifies the bill with the statement that no motion for a continuance was ever presented to the court, except that counsel for appellant made the verbal statement to the court that he desired a postponement in order to secure certain records showing that the witness Little was an escaped convict from Louisiana. The bill fails to manifest error. If appellant desired a postponement or continuance it was incumbent upon him to present his written application therefor.

Little was an escaped convict. As shown by bill of exception No. 2, appellant objected to the use of him as a witness on the ground that he was an unpardoned convict. It would appear that under the provisions of Art. 708, C. C. P., as amended, an unpardoned convict has the same right to testify as a pardoned one, provided he is not incarcerated in the penitentiary at the time of the trial. Alexander v. State, 281 S. W. 852.

In his motion for a new trial, appellant set up newly discovered evidence. In the order overruling the motion it is recited that evidence was heard thereon. The evidence is not brought forward. We must therefore presume that the action in overruling the motion was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Sykes v. State, 2 S. W. (2d) 863.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing and sets up that we erred in holding the witness Little competent,—it being insisted that Little was not only a convict but also that he was in jail at the time of trial, and that the terms of Art. 708, C. C. P., as amended by the Acts of the 39th Legislature, First Called Session, Chap. 13, forbids such person testifying. We must admit the language of said act referred to is not very clear, but there is no question but that the witness Little is not included in those held incompetent under the terms of said article. The bill of exception raising the point relied upon by appellant wholly fails to show that Little had ever been convicted of a felony in this State, or that he was in jail at the time of this trial. We can not consider statements in briefs or motions filed in this court, as supplying matters that ought to be made to appear in bills of exception and in the record as made in the trial court.

The motion for rehearing will be overruled.

*Overruled.*