ELMER ROBERTSON v. THE STATE.

No. 14576.   Delivered December 16, 1931.

The opinion states the case.

*Frank Judkins* and *Tom J. Cunningham,* both of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is forgery; the punishment, confinement in the penitentiary for two years.

Dorothy Wells, an accomplice witness, testified for the state, in substance, as follows:   While at a dance with appellant she took the purse of Mrs. Stephens, believing that it belonged to her.   She found in the purse a courtesy card with the name of Howard B. Stephens on it.   This card entitled the owner to buy gasoline on credit at Humble filling stations.   Appellant and the witness started on a trip in appellant's automobile.   Appellant suggested to the witness that they get gasoline on the courtesy card.   When the parties reached Abilene they drove to an Humble filling station and got some gasoline, using the courtesy card to obtain it.   The witness, Dorothy Wells, signed the ticket.   She also executed a check to the filling station in the sum of $3 and signed thereto the name of Mrs. B. Howard Stephens.   The proprietor of the station delivered $3 to the witness.   Appellant told the witness to state to the man at the

filling station that he was taking her to Midland to see her husband and that she was to pay for the gasoline, and furnish him money for carrying her to Midland in his car. Appellant told the witness, further, to write the check, but did not state the amount. After the witness had secured the money the parties left the filling station together.

Aside from the testimony of the accomplice witness we find the following in the record: The proprietor of the filling station testified that Dorothy Wells executed the check in his presence and delivered it to him and that he gave her $3 in money. He said the parties came to the filling station in a Ford car, driven by appellant. He testified further that appellant asked him how far it was to Midland, saying that the lady with him was to pay the bills for gasoline. He testified that appellant said that the automobile belonged to him and that the lady was to pay all the expenses of the trip. He said that appellant stated to him that the lady was going to Midland to see her husband. He said further that appellant, another girl and the accomplice witness left together in the automobile. According to his testimony, the check was written by Dorothy Wells in the office while appellant was out in the driveway about twenty feet away from her. He testified that the witness told him her name was Stephens. He said that he did not remember whether appellant told him what the lady's name was. He did not know either appellant or the witness. Other employees of the filling station gave substantially the same testimony as that of the witness last mentioned. Mrs. Stephens testified that she had not given Dorothy Wells authority to sign the check. She said further that she did not know appellant. Appellant did not testify in his own behalf, but offered witnesses who testified that his general reputation for being peaceable and law-abiding was good and that he had not been convicted of a felony in this or any other state. Appellant submitted his application for a suspended sentence.

Appellant insists that the accomplice witness was not sufficiently corroborated. We think the contention should be sustained. A conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the accused with its commission. Article 718, C. C. P.; Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092. The test as to the sufficiency of the corroboration is to omit from the case the evidence of the accomplice witness, and then examine the evidence of the other witnesses with the view of ascrtaining if there be inculpatory evidence; that is, evidence of incriminating character which tends to connect the accused with the commission of the offense. If there be such evidence, the corroboration is sufficient; otherwise, not. Jones v. State, 59 Texas Crim. Rep., 559, 129 S. W., 1118; Durham v. State, supra; Freeman v. State, 118 Texas Crim. Rep.,

102, 40 S. W. (2d) 105. Applying this test, we observe that appellant's presence in his automobile with Dorothy Wells at the time she signed the check in question, his statement that he was taking the lady with him to Midland to see her husband, and that she was to pay the expenses of the trip, were the sole circumstances relied upon by the state to corroborate the testimony of the accomplice witness to the effect that appellant had advised her to commit the forgery. It was not shown that appellant stated to the proprietor of the filling station that Dorothy Wells' name was Stephens. It was not shown that appellant knew the witness prior to coming to the filling station. If he knew her true name it was not shown. The proof, aside from the accomplice witness, must tend to show that appellant knew the criminal intent to Dorothy Wells and was acting with her in the criminal enterprise, and was present for the purpose of doing some part of same. Other than the mere fact that appellant was present, we find no testimony in the record corroborating the testimony of the accomplice witness. We quote the language of Judge Lattimore in Carter v. State, 104 Texas Crim. Rep., 163, 283 S. W., 174, as follows: "If it be conceded that appellant drove Henderson in his truck to the point where the latter got out, and then went 150 or 160 feet to where he boarded a street car, after which Henderson made an attack upon the street car motorman with a pistol with the purpose of robbery, this would not of itself, aided by Henderson's testimony, make out a case sufficient to justify the conviction of appellant. The proof aside from Henderson would have to show that appellant knew the criminal intent of Henderson, and was acting with him in the criminal enterprise, and was present for the purpose of doing some part in same. As we understand this record, there is no testimony at all supporting such proposition save that of Henderson."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.