## BOB BELOT v. THE STATE.

No. 15348.   Delivered May 18, 1932.
Reported in 49 S. W. (2d) 1102.

The opinion states the case.

*Conrad E. Smith,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Ed C. Isaac, Jr., testified, in substance, as follows: He was in charge of the office of the Coca-Cola Bottling Company in the city of Houston. At about 9 o'clock in the morning of August 24, 1931, C. C. McMullin and E. V. Harrison came into the office while he was making up his daily sales for the preceding day. Harrison exhibited a pistol and advised him that they wanted his money. He was forced to deliver to McMullin and Harrison $1,738, consisting of currency, except $80 in nickels, quarters, halves and pennies. The silver was in a canvas bag. Harrison and McMullin took this bag away with them. After taking the money, the robbers entered a Ford roadster, which was standing near the door, and drove away. He could not see the robbers after they entered the car, and could not tell whether there was anybody else in the car with them.

State's witness Iselt testified, in substance, as follows: He learned about the holdup on the day it occurred, receiving his information from an afternoon newspaper. At about 9:15 or 9:30 in the morning of the day he learned that the robbery occurred he saw appellant, McMullin and Harrison at a rooming house conducted by Mrs. Ethel Bennett. He was asleep when the parties arrived. They aroused him and advised him that they wanted to rent a room, saying that they had been in Galveston all night and needed some sleep. He called the landlady, Mrs. Bennett, and she rented a room to the parties. About ten minutes after they had gone to the room, Harrison called him and asked him to let him have his razor, as he wanted to shave. He took the razor to the room and entered. Appellant, Harrison, and McMullin were together in the room. At this point we quote the testimony of the witness as follows: "At that time I saw some money in their possession; it was currency. They all had money, each of them had quite a bit in their hand. I don't know how much it was. They said they had been gambling at Galveston all night and won out, won the money. I saw in that room at that time a little white canvas bag. That was about 9:30 by that time."

Mrs. Bennett testified for the state that appellant, McMullin and Harrison were in her rooming house on the occasion testified to by the witness Iselt. We quote from her testimony as follows: "With reference to my seeing defendant Bob Belot on that morning of the holdup, I do not know just exactly what morning it was that I saw him. There was with him at that time E. V. Harrison and Mr. McMullin; they came to rent a room in my house and I rented them a room upstairs, a front room. That was between 9:30 and 10 o'clock in the morning. The three of them had never rented a room from me at any other time. They just took one room. I do not know how long they occupied that room because after they went to the room I went to town and was gone about

two or three hours. When I came back they were gone. I rented the room to E. V. Harrison; they said they wanted to go to sleep."

The accomplice witness McMullin and Harrison testified that, pursuant to an agreement with appellant and one Dinty Moore, they had gone with appellant to the scene of the robbery in a Ford roadster; that, according to the agreement previously made between the parties, appellant was to remain sitting in the car with the engine running while they entered the office of the Coca-Cola Bottling Company and committed the robbery; that, further, according to the agreement, they were to go with appellant to the Queen Hotel in Houston and divide the spoils of the robbery; that, after arriving at the place where the offense was committed, appellant sat in the Ford roadster while they went into the office and took from Mr. Isaac, at the point of a pistol, $1,738, mostly currency; that, after taking the money, they entered the car with appellant, and appellant started to the Queen Hotel, but lost his way; that they drove out in the country some distance to a rooming house; that they saw the witness Iselt and the woman who ran the rooming house; and the three of them rented a room, where they divided the spoils of the robbery; that while they were in the room Iselt came into the room bringing a razor to one of them; that they had with them in the room the canvas money bag which they had taken from the injured party; that shortly after dividing the money, they called a taxicab and left the place.

Appellant offered no testimony.

We are unable to reach the conclusion that the accomplice witnesses were not sufficiently corroborated. The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be other evidence tending to connect the accused with the offense committed. Article 718, C. C. P.; Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422, 429. We quote from Minor v. State, supra, as follows: "Circumstances proved by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied. Underhill's Crim. Ev. (3d Ed.), secs. 129 and 130; Meredith v. State, 85 Texas Crim. Rep., 239, 211 S. W., 227; Wright v. State, 47 Texas Crim. Rep., 433, 84 S. W., 593; Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W., 804; Halbadier v. State, 85 Texas Crim. Rep., 593, 214 S. W., 349; Middleton v. State, 86 Texas Crim.

Rep., 307, 217 S. W., 1046; Walker v. State, 94 Texas Crim. Rep., 653, 252 S. W., 543; Willman v. State, 99 Texas Crim. Rep., 259, 268 S. W., 933, 269 S. W., 801."

It is not necessary that the corroborating facts or evidence should be such as to show guilt independent of the evidence of the accomplice witness. The law demands that the corroboration with some degree of cogency tend to establish facts material and relevant which would authorize the jury to credit the testimony of the accomplice. Johnson v. State, 84 Texas Crim. Rep., 400, 208 S. W., 170; Millican v. State, 109 Texas Crim. Rep., 673, 7 S. W. (2d) 82; Haire v. State, 118 Texas Crim. Rep., 16, 39 S. W. (2d) 70.

In testing the sufficiency of evidence offered to corroborate an accomplice witness, this court has often resorted to consideration of the corroborative evidence alone, in order to see if there be in such evidence any fact which tends to point to the accused as the offender. Townsend v. State, 90 Texas Crim. Rep., 552, 236 S. W., 100; Burnett v. State, 114 Texas Crim. Rep., 244, 26 S. W. (2d) 208; Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092; Freeman v. State, 118 Texas Crim. Rep., 102, 40 S. W. (2d) 105. Applying this test, we observe from the testimony aside from that of the accomplice witnesses, that the robbery was committed about 9 o'clock in the morning; that McMullin and Harrison were positively identified by the injured party as the robbers; that McMullin and Harrison left the scene of the robbery in a Ford roadster; that within fifteen or thirty minutes after the robbery appellant, Harrison and McMullin appeared at a rooming house and rented a room; that they were seen by the witness Iselt, each with a quantity of currency in his hand; that in the room was a canvas money bag; that at the time the money was taken from the injured party a canvas money bag was also carried away by the accomplice witnesses.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.