## JACK BURGESS V. THE STATE.

No: 15315.   Delivered May 25, 1932.
Reported in 50 S. W. (2d) 806.

The opinion states the case.

*E. T. Miller* and *W. J. Flesher,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Between 7 and 8 o'clock a. m., June 8, 1931, Hubert Johnson and Shorty Blair entered the place of business of E. C. Terry, exhibited a pistol, and took from the possession of Mr. Terry approximately $199. The injured party positively identified Johnson and Blair. Appellant was not with the parties at the place of business at the time the robbery was committed.

Johnson, who was an accomplice witness, testified that he, Blair, and appellant had agreed to commit the robbery; that pursuant to their agreement the three parties drove to a point a block away from Terry's place of business in an automobile belonging to appellant; that appellant waited in the automobile while he (Johnson) and Blair entered the store and committed the robbery; that they then went ot the car occupied by appellant, and the three parties drove to a place several miles in the country, where they divided the money; that he (Johnson) gave appellant $22, directing him to take it to his (Johnson's) wife and tell her to pay the rent.

Johnson's wife testified that appellant came to her house in the evening after the robbery and delivered $22 to her, saying: "Mrs. Johnson here's some money Slim (Johnson) said bring you. He will be home late and he said give Mrs. Gilbert $20 house rent. Mrs. Johnson testified, further, that two or three days prior to the robbery appellant and Blair had been together in her home.

Appellant insists that the accomplice witness was not sufficiently corroborated. The state's attorney before this court expresses the opinion that appellant's contention should be sustained.

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the accused with its commission. Article 718, C. C. P; Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092; Robertson v. State, 119 Texas Crim. Rep., 122, 44 S. W. (2d) 688. Aside from the testimony of the accomplice, we observe that two or three days before the robbery appellant had been with Johnson and Blair in Johnson's home; that on the occasion of the robbery Johnson and Blair were positively identified as the offenders by the injured party; that several hours after the robbery had been committed appellant appeared at Mrs. Johnson's home and delivered her $22, saying that her husband had sent it to her, with instructions to pay the rent. Aside from the testimony of the accomplice witness Johnson, there is nothing in the record to identify the money delivered to Mrs. Johnson as being part of the spoils of the robbery. The opinion is expressed that these facts fail to furnish sufficient corroboration.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.