BILL LYNCH V. THE STATE.

No. 20068.   Delivered January 25, 1939.

The opinion states the case.

*Greenwood & Reeves,* of Palestine, and *Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for ten years.

The indictment charged appellant with breaking and entering

the private residence of Calvin Nelson by discharging "a gun, into the said house of the said Calvin Nelson, without the consent of the said Calvin Nelson, with the intent then and there to commit a felony, to-wit, with the intent then and there to murder the said Calvin Nelson, who was then and there in said house."

Cecil Crutcher, an accomplice witness, testified for the State, in substance, as follows: On the 4th of October, 1933, he and the appellant drove appellant's automobile to the fair grounds in the City of Palestine. While at that place they saw and talked with Mrs. Cecil Cruther. About two hours later the witness drove by the house of Calvin Nelson, and appellant fired several shots into said house. The witness then increased the speed of the car to about fifty miles an hour and drove to a point where he hid the gun. The witness worked for the appellant at his tourist camp. The gun used by the appellant on the night in question belonged to appellant. The shooting occurred between 1 and 2 o'clock in the morning.

Aside from the testimony of the accomplice witness, we find the following in the record: Calvin Nelson testified to the effect that someone shot into his house on the night in question. He was unable to identify the guilty party. Mrs. Cecil Crutcher testified that she saw appellant and the accomplice witness, Cecil Crutcher, together at the fair grounds about 11:30 o'clock, which was at least one and one-half or two hours prior to the shooting. She did not see them come there, and does not know how they left.

J. V. Prather testified that the bullets he removed from the gun in question were similar to the bullets taken from Calvin Nelson's residence. The witness England testified that he saw the gun on the appellant's premises prior to the shooting. He did not know whether or not the gun belonged to the appellant. Joe Burkhead testified that on the night of the shooting, about 2 A. M., he saw a coupe speeding at about 50 or 60 miles an hour on Queen Street in the City of Palestine; that prior to seeing the car he heard some shots; that about four or five minutes after the shots were heard by him the speeding car passed him. He was unable to identify the occupants of the car; nor could he say what make of car it was, other than that it was a coupe automobile. There was further testimony to the effect that the gun was found hidden at a place to which the accomplice witness had directed Mr. Nelson.

Appellant did not testify upon the trial.

Appellant insists that the accomplice witness was not sufficiently corroborated. We think his contention should be sustained. A conviction can not be had on testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense; but it must tend to connect the accused with its commission. Art. 718, C. C. P.; Durham v. State, 290 S. W. 1092. The test often applied by this court in determining whether the corroborative evidence is sufficient is to exclude from consideration the evidence of the accomplice witness, and then examine the evidence of the other witnesses with the view of ascertaining if there be inculpatory evidence; that is, evidence of incriminating character which tends to connect the accused with the commission of the offense. If there be such evidence, the corroboration is sufficient; otherwise, not. Robertson v. State, 44 S. W. (2d) 688, and authorities cited.

Applying this test, we find appellant and the accomplice witness together at the fair grounds approximately an hour and a half before the shooting. About five minutes after the shots were fired into the home of Calvin Nelson an automobile is seen speeding along Queen Street in the City of Palestine at approximately 50 miles an hour. Several years after the homicide a gun is found hidden, which sometime prior to the homicide had been seen in the tourist camp of the appellant. A witness expressed the opinion that a bullet fired into the house of Calvin Nelson was similar to one of the bullets taken from the gun. No non-accomplice witness testified that the gun belonged to appellant. We think that the circumstances related by the non-accomplice witnesses were not sufficient to show that the gun in question was used to fire into the home of Mr. Nelson. The fact that appellant and the accomplice witness were together at the fair grounds an hour and a half before the shooting was not within itself of incriminating character. It follows that we are constrained to order a reversal of the judgment of conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.